### EMMONS v. MARBELITE PLASTER CO.

(Circuit Court, D. Nevada. September 3, 1910.)

No. 1,047.

1. PLEADING (§ 335*)—FILING—WHAT CONSTITUTES.

Where plaintiff in a suit in support of an adverse claim to a mining location lodged his complaint in the hands of the clerk, paid the fees, and directed that it be filed, it was filed in contemplation of law, though the clerk at that time failed to put file marks on it; such marks being mere evidence of the fact of filing.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1015, 1016; Dec. Dig. § 335.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. PROCESS (§ 45*)—ISSUANCE—DESTRUCTION OF ORIGINAL.**

St. Nev. 1907, c. 169, provides that whenever any summons shall be returned not executed as to any defendant, or shall have been lost or destroyed, the plaintiff shall be entitled to another summons against such defendant if he shall require it until due service shall be made. *Held* that, where a complaint was filed February 26, 1908, the clerk had power on March 2d following to issue a summons thereon, and, the first summons having been returned and destroyed unexecuted, plaintiff was entitled to the issuance of another, and the fact that the issuance of the alias summons was authorized by a prior order of the court neither added to nor subtracted from the clerk's authority conferred by statute.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 42–45; Dec. Dig. § 45.*]

**3. PROCESS (§ 38*)—SUMMONS—DATE.**

Comp. Laws Nev. § 3118, provides that at any time within a year after complaint filed plaintiff may cause summons to be issued by the court. Sections 3119 and 3121 provide what the summons shall contain, but neither require it to be dated. *Held* that, since the defendant is required to appear within a specified time from the date of service and not from the date of the summons, the summons was not fatally defective, though it contained an incorrect date or no date at all.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 33; Dec. Dig. § 38.*]

**4. PLEADING (§ 336*)—SERVICE—COPY OF COMPLAINT.**

Since an original complaint could not be impeached because of the absence of file marks thereon, defendant was not prejudiced because the copy of the complaint served did not contain the file marks appearing on the original.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 336.*]

Action by Edward H. Emmons against the Marbelite Plaster Company. On motion to quash summons and set aside service thereof. Denied.

J. W. Dorsey and L. P. Boardman, for plaintiff.
Cheney, Massey & Price, for defendant.

FARRINGTON, District Judge. The defendant applied to the United States Land Office for patent to certain mineral lands in Humboldt county, Nev. Plaintiff on the 27th day of January, 1908, filed in the same office his adverse claim. Proper notices of the filing of this adverse claim were issued at once. In obedience to the notice, and in order to determine the right to possession of said mineral lands, plaintiff prepared the complaint on file in this case; and on the 26th day of February, 1908, lodged it, with all necessary fees, with the clerk of the district court of the Second judicial district of the state of Nevada in and for the county of Humboldt. The complaint was accompanied with instructions from plaintiff's counsel, directing the clerk to file the same, and issue summons thereon. For some reason not explained, these instructions were not obeyed until March 2d. On that day file marks were indorsed on the complaint, and summons was issued and sent by mail to plaintiff's attorney. April 3, 1908, an order was rendered and entered in said court, reciting the original receipt of the complaint and fees, the subsequent filing of the complaint, and the issuance of summons, and directing:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

"That the said clerk forthwith file said complaint and issue said summons as of the said 26th day of February, A. D. 1908, the actual day when said complaint was so delivered to said clerk with the aforesaid request and instructions."

The clerk immediately changed the original filing on the complaint so that it read, "Filed as of February 26th, 1908." By direction of plaintiff's attorney, the clerk then destroyed the original summons and issued a new summons "as of the date 26th day of February, A. D. 1908." This all occurred on the 3d day of April, 1908. The cause was originally entered in the register of actions, and fees were charged in the fee book, as of March 2, 1908. By reason of the court's order the date of the entries was changed to February 26, 1908. April 18, 1908, certified copies of the complaint and summons were delivered at Reno, Nev., to H. G. Gould, manager of the Marbelite Plaster Company. Defendant now moves to quash the summons, and to vacate and set aside the service thereof, and, in support of his motion, urges that the summons was wrongfully, irregularly, and unlawfully issued; that the summons served is not a copy of the original, or of any alias summons; and that the copy of the complaint left with defendant is not a true copy of the original.

In order to preserve plaintiff's rights under his adverse claim, it was necessary that his action should be commenced within 30 days after January 26, 1908. Whether it was so commenced is a question which cannot now be considered. As to this counsel are agreed. It is likewise unnecessary to determine whether the process now in question gives rights greater or less than the original would have given had it been served. No issue is raised as to the sufficiency of the summons. The inquiry on this motion, therefore, is limited to the sufficiency of the service, and to the power to issue another summons antedating the original, after the original had been destroyed.

[1] The complaint must be regarded as filed February 26, 1908, the day it was received by the clerk in the state court. When plaintiff had lodged his complaint in the hands of the clerk, paid the fees, and directed it to be filed, in contemplation of law it was filed. File marks are merely evidence of the fact of filing. Plaintiff had no supervisory power over the clerk. He had done all that he could. It was then the duty of the clerk to make the proper indorsements. To hold that the clerk by failing to perform this duty could postpone, or perhaps utterly deprive plaintiff of his right to enforce his cause of action, is to misconceive the power and functions of the clerk's office. State v. Heath, 60 Kan. 560, 57 Pac. 108; Covington v. Fisher, 22 Okl. 207, 97 Pac. 615; 19 Cyc. 529; 3 Cyc. 131.

[2] Complaint being on file February 26, 1908, the clerk unquestionably had the power on the 2d day of March following to issue a summons thereon. When the first summons was returned and destroyed, plaintiff was entitled to another summons if he required it. The statute governing this matter reads as follows:

"Whenever any summons shall be returned not executed as to any defendant, or shall have been lost or destroyed, the plaintiff shall be entitled to another summons, toties quoties, against such defendant, if he shall require it, until due service shall be made." St. Nev. 1907, p. 368.

Under this statute the clerk had power, the first summons being destroyed, to issue another. The fact that its issuance was authorized by a prior order of the court can in no wise add to or subtract from the authority conferred by the statute. If the court had power to require another summons to issue, the issuance was proper in any event. If the court had no such power, the clerk did, and the order may simply be regarded as superfluous.

[3] It may be conceded for the purposes of this proceeding that it was error to date the summons as of February 26th, and that the court had no authority to so order, yet it does not necessarily follow that such an error is fatal. Comp. Laws of Nevada, § 3118, declare that at any time within one year after complaint is filed the plaintiff may cause summons to issue thereon. When issued by the clerk, he shall sign it, and it shall be issued by him under the seal of the court.

Section 3119 reads thus:

"The summons shall state the parties to the action, the court in which it is brought, the county in which the complaint is filed, the cause and general nature of the action, and require the defendant to appear and answer the complaint within the time mentioned in the next section, after the service of summons, exclusive of the day of service; or that judgment by default will be taken against him, according to the prayer of the complaint; briefly stating the sum of money or other relief demanded in the complaint. The names of the plaintiff's attorneys shall be indorsed upon the summons."

Section 3121 is as follows:

"There shall also be inserted in the summons a notice in substance as follows: First—In an action arising on contract for the recovery only of money or damages, that the plaintiff will take judgment for a sum specified therein if the defendant fail to answer the complaint. Second—In other actions, that if the defendant fail to answer the complaint, the plaintiff will apply to the court for the relief demanded therein."

It must be noted that these sections of the Compiled Laws are silent as to the date of the summons. My attention has not been called to any statute requiring summons issued out of the District Court of Nevada to be dated. The purpose of a summons is to bring the defendant into court, and to inform him as to the necessity for his appearance. To this end the writ and the attached certified copy of the complaint must apprise him as to who are parties to the suit, when and where he must appear, the consequence of a failure to appear, and the nature of the cause of action. If the complaint shows no cause of action, he may choose to ignore it. It is therefore essential that he should know the nature and details of the cause of action. If it appears that the cause of action has not accrued within the time fixed by law, nevertheless he must appear and call the attention of the court to that fact, otherwise a valid judgment may be entered against him. He is required to appear within a stated time after service, not after date of the summons. Even though the date of issuance appear, this of itself does not show when the writ was placed in the hands of the sheriff or other person authorized to serve it. There is therefore no cogent reason for including the date in a summons, unless it is required by the statute itself. While it is

proper to give the date, neither the failure to do so nor the insertion of an incorrect date is necessarily fatal. The date is not a material part of the writ. 32 Cyc. 439.

In Hibernia Savings, etc., Society v. Churchill, 128 Cal. 633, 61 Pac. 278, 79 Am. St. Rep. 73, the clerk had inadvertently dated the summons February 5th, instead of March 5th. The summons was issued within one year after complaint filed. The court said:

"The summons was not void on account of its date, for a date is no part of a form of a summons prescribed by the Code."

It does not appear that antedating the summons has either misled the defendant or injuriously affected any of its substantial rights.

[4] It is further urged that the service should be set aside because the copy of complaint served did not contain the file marks which appear on the original. The original complaint, having been actually deposited with the clerk, was filed, even though the file marks were omitted. The sufficiency of the original complaint could not be impeached because of the absence of file marks. The omission was merely a clerical error, and defendant was not prejudiced thereby.

The motion to quash the summons and to set aside the service thereof is denied. Defendant will be allowed 20 days within which to plead.