### ELBS v. YATES-AMERICAN MACH. CO.

District Court, W. D. New York.
January 6, 1928.

Removal of causes ⬤⇒89(1)—"Filing" of petition and bond for removal must be made with clerk of state court, not merely approved by judge, before expiration of time to answer or plead (Jud. Code, § 29 [28 USCA § 72]).

"Filing" by a defendant of petition and bond for removal, required by Judicial Code, § 29 (28 USCA § 72), to be made at or before the time he is required to answer or plead, must be with the clerk of the state court, and it is not sufficient that the petition is presented to and allowed by the judge, and the bond approved within that time.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, File.]

At Law. Action by John G. Elbs against the Yates-American Machine Company. On motion to remand to state court. Granted.

Wile, Oviatt & Gilman, of Rochester, N. Y., for plaintiff.

Sutherland & Dwyer, of Rochester, N. Y., for defendant.

ADLER, District Judge. This is a motion by plaintiff to remand this case to the state court on the ground that it was improperly removed.

The facts are that the time to answer in the state court expired by stipulation on October 3, 1927. On September 30, 1927, pursuant to notice, defendant's attorneys appeared before a justice of the Supreme Court in support of the petition for removal, and plaintiff's attorneys appeared in opposition thereto. The justice signed the order and approved the bond. The order of the court recited the filing of the petition and bond. As a matter of fact the petition and bond were not filed in Monroe county clerk's office until October 21, 1927, on which date the order of the court was also filed in Monroe county clerk's office. Transcript was filed in the United States District Court clerk's office on October 27, 1927.

As the defendant's time to answer expired October 3, 1927, the two questions involved in this motion are: (1) Was there a filing to comply with the statute? (2) Did the plaintiff waive his right to claim that the proceedings upon removal were irregular?

The theory of the defendant is that the handing of the papers to the judge, his approval of the bond, and his signing of the order, which recited the filing of the petition and bond, was a filing which complied with the statute. I do not think that is so. When a statute prescribes "filing," it means that the filing must be in the place where papers in the Supreme Court shall be filed. Under the Rules of Civil Practice adopted by the New York Supreme Court, that place is the office of the clerk of the county specified in the summons as the place of trial. The proper place to file papers is in the clerk's office, and not with the judge. Williams v. New York, P. & N. Co. (C. C. A.) 11 F.(2d) 363, 45 A. L. R. 437.

Plaintiff filed his notice of motion to remand on November 22, 1927. Plaintiff's motion was made with due diligence, and the record does not disclose to me that he has waived his right to claim that the proceedings upon removal were irregular.

The cause is remanded to the Supreme Court of the state of New York.