13 So.2d 481

CRISTINA et al. v. O'DWYER et al.
No. 37044.

April 12, 1943.

L. H. Gosserand and S. T. Cristina, both ·of New Orleans, for relators.

Leo McCune, of Gretna, and M. C. Scharff and W. H. Talbot, both of New ·Orleans, for respondents.

FOURNET, Justice.

Upon the application of relators alleging the Hon. L..Robert Rivarde, Judge of the Twenty-fourth Judicial District Court, had refused to grant them a temporary restraining order under the provisions of Act No. 192 of 1920 to abate a gambling nuisance existing at O'Dwyer's Club Forest in Jefferson Parish, we issued a writ of ·certiorari directing the judge to transfer the record of the proceedings in the case to this court in order that the validity thereof might be ascertained, and an alternative writ of mandamus ordering him to show cause why he should not be compelled to grant the relief sought by re-.lators.

In compliance with our order, the respondent judge transmitted the record to us and, in response to the rule he advises that at the time L. H. Gosserand, one of the attorneys for the· relators, handed him the petition in this matter on February 11, 1943, he discussed with him the propriety of granting a temporary restraining order pending a hearing on the rule nisi and was advised by the ·attorney not to act hastily in the matter but to keep the petition for a few days in order to arrive at a proper conclusion; that accordingly he did carefully consider the law applicable thereto, particularly Act No. 29 of 1924, adopted, as was so aptly stated in the case of American National Bank v. Bauman, 173 La. 336, 137 So. 54, 55, "* * * to rid the state of the abuse to which the ex parte issuance of the writ of injunction had been subjected for many years, by arranging the procedure for its issuance so that the judge would have to act no longer blindly on the face of the application for the writ, but would be placed in position to act with the crucial facts before him, obtained contradictorily with the party, sought to be enjoined, after a prompt hearing, and with the right, in the exercise of a sound discretion, to grant a temporary restraining order pending the hearing," which act specifically provides in Section 1 thereof that "*Hereafter* no writ of injunction shall be issued without notice, given as hereinafter provided, to the opposite party or parties to be affected thereby, and without opportunity given for hearing of the opposite party." (Italics ours.) He stated further that it appeared to him the provisions of the act of 1920, in so far as

they conflicted with the provisions of the general injunction act of 1924, were repealed, and he so informed S. T. Cristina, another of the attorneys representing the relators, but expressed his desire to discuss the matter more fully with Gosserand, who had originally placed the petition before him for consideration, whereupon Cristina left his office, appearing later in the room where he was holding court, and informing him he had been instructed by Gosserand, to whom he had communicated the respondent's message, to advise the respondent to either sign the order "as is," i.e., grant the restraining order, or return all of the papers at once. He thereupon returned the papers to Cristina. The next day, Gosserand, on behalf of the relators, informed the respondent by letter he intended to apply to this court for writs of certiorari and mandamus and enclosed a copy of the application to be filed here.

The respondent judge calls our particular attention to the fact that at the time Gosserand presented this petition to him it had never been filed; that it was not filed until three o'clock on the day it was returned to Cristina by him; and that after it was filed, it was never again presented to him. He states that under these facts and circumstances he was never given a fair opportunity to either grant or refuse the order and that the rule issued in this case should be recalled and the application of relators dismissed.

The object of Act No. 192 of 1920, as expressed in its title, is to carry into effect Article 188 of the Constitution of 1913 (Section 8 of Article XIX, Constitution of 1921) providing: "Gambling is a vice, and the General Assembly (legislature) shall pass laws to suppress it." The act defines a gambling house (Section 1) and declares the same to be a nuisance. Section 2. In Section 3 thereof (as amended by Act No. 49 of 1938 and 120 of 1940) it is declared that 10 taxpayers *"shall have the right to file a suit* in any District Court in this State, or in the Civil District Court for the Parish of Orleans *to abate the nuisance created by such gambling house,"* and in Section 5 it is provided that "all actions brought under this act shall be tried in the following manner: (1) *Upon the filing of any suit* the district judge (whether in term or vacation) shall immediately issue a rule on the defendant to show cause why the nuisance complained of should not be abated and why an injunction should not issue restraining the operation of such gambling house and such rule shall be, at the time it is issued, fixed for hearing not later than five days, (counting Sundays, half-holidays and holidays) from the date of its issuance; * * * (4) That upon the showing made by the parties on the trial of said rule to show cause the court shall issue, or shall deny, an injunction without bond, which injunction, where issued, shall enjoin the owner, lessee, sub-lessee, tenant or occupant forever from employing such place as a gambling house and shall, whether expressed in such injunction or not, forever enjoin such owner, lessee, sub-lessee, tenant or occupant from conducting, or being concerned in conducting or operating a like public nuisance anywhere within this State. (5) That in every case where the existence

of a nuisance is established in an action under the provisions of this act, an order of abatement shall be entered and as a part of the said order it shall be directed that the place where the nuisance, as defined herein, existed shall be effectually closed for one year and shall not be used for any purpose whatsoever during that period * * *." Section 10 (as amended by Act No. 49 of 1928 and Act No. 120 of 1940) declares: "That *where a petition is filed under this act* and such petition is supported by the ex parte affidavits of two reputable citizens sworn to before any officer authorized by law to administer oaths to affidavits, detailing matters within such affiants' knowledge and clearly establishing the existence of a nuisance as defined in Section 1 of this act, the court to whom such petition and affidavits is presented shall forthwith issue a temporary restraining order, to be in force until the hearing of the rule to show cause under Section 5 of this act; and said temporary restraining order shall prohibit the use of the place where said nuisance is averred to exist for any purpose, or purposes, whatsoever pending the trial and determination of the said rule to show cause." (Italics ours.)

Thus it may be seen that upon the *filing* of a suit under this act, it becomes the mandatory duty of the judge of the court in which the suit has been filed, under the express provisions of Section 5, to issue a rule to show cause why the nuisance complained of shall not be abated and an injunction issued restraining the operation of such gambling house, and,

when such a petition is supported by an ex parte affidavit of two reputable citizens, as provided in Section 10, it becomes the mandatory duty of the judge to forthwith issue a temporary restraining order pending a hearing of the rule to show cause.

Inasmuch, however, as this is a departure from the ordinary procedure in injunction proceedings, it must be strictly construed and since the petition in this case had not been filed when it was presented to the judge, as required by the act as a condition precedent to the issuance of a restraining order, the relators were not entitled to the relief sought.

Since this opinion was written and copies thereof distributed to the members of the court for thier further consideration, the attorneys for the relators have filed with this court a document supplementing and amending their application for these writs wherein they comment on the facts as related by the trial judge in his response to the rule to show cause and now advance the argument that in injunctive and other conservatory measures it is the custom of the attorneys in country parishes to present their petitions for such relief to the judge for his action prior to their being filed or docketed. We find nothing in this document to cause us to alter the conclusion we have reached in this case, for it is axiomatic that custom cannot prevail over positive law.

For the reasons assigned, the rule herein issued is recalled and the relators' application for a writ of mandamus is denied, at their cost.

ODOM, J., absent.