[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1032 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1033 
Joseph Mongogna and twelve other persons, alleging that they are residents and taxpayers of the Parish of Jefferson, presented to Honorable L. Robert Rivarde, Judge of the Twenty-fourth Judicial District Court for the Parish of Jefferson, a petition seeking to enjoin and abate as a public nuisance an alleged gambling establishment known as O'Dwyer's Club Forest. The defendants are George L. O'Dwyer and Joseph O'Dwyer, the owners and operators of the alleged gambling establishment. *Page 1034 
Plaintiffs' action and the relief sought by them is based on the provisions of Act No. 192 of 1920 and its amendatory acts. These acts are Act No. 75 of 1922, Act No. 49 of 1938 and Act No. 120 of 1940. Plaintiffs allege that, under the relief granted by Act No. 192 of 1920 and its amendments, they are entitled to the issuance of a temporary restraining order, without bond, prohibiting the use of defendants' premises, for any purpose whatsoever, pending the determination of a rule to show cause why a preliminary injunction should not issue.
The judge of the district court refused to grant, without a hearing, the restraining order asked for by plaintiff, but offered to issue a rule on the defendants to show cause why a writ of injunction should not issue to abate the alleged nuisance. Plaintiffs refused to accede to the proposal of the judge, and, alleging deprivation of their legal rights and irreparable injury, applied to this court for writs of certiorari and mandamus.
A writ of certiorari, coupled with a rule nisi, was issued on plaintiffs' application. The respondent judge has filed an answer to the rule nisi, but the respondents, George L. O'Dwyer and Joseph O'Dwyer, have not. The original record was not sent up to this court and the case has been submitted for decision on the allegations of relators' application and the return of the trial judge. No briefs have been filed on behalf of any of the parties to the proceeding. We therefore approach the discussion of the issues involved in the case unenlightened by any oral or written argument. *Page 1035 
Act No. 192 of 1920 was passed to carry into effect the article of the Constitution declaring that "gambling is a vice, and the Legislature shall pass laws to suppress it." Article 188, Constitutions of 1898 and 1913. Section 5 of the act was amended by Act No. 75 of 1922. And sections 3 and 10 of the act were amended by Act No. 49 of 1938 and Act No. 120 of 1940.
Section 1 of Act No. 192 of 1920 defines a gambling house and section 2 declares that all such places are public nuisances. Section 3, as amended by Act No. 120 of 1940, provides that ten taxpayers may institute a suit to abate the nuisance created by a gambling house. Section 4 sets forth that actions to abate such nuisances shall, under certain conditions, be brought against the person or persons in whose name the property is assessed. Section 5, as amended by Act No. 75 of 1922, provides how and within what delay such suits shall be tried, with the right of appeal to the party cast. Sections 6, 7, 8 and 9 prescribe the manner in which any judgment, order or decree, injunction or temporary restraining order issued in a proceeding instituted under the provisions of the statute may be made effective. Section 10 of the act, as amended by Act No. 120 of 1940, which is the section with which we are presently concerned, reads as follows: "Section 10. That where a petition is filed under this act and such petition is supported by the ex parte affidavits of two reputable citizens sworn to before any officer authorized by law to administer oaths to affidavits, detailing matters within such affiants' knowledge and clearly establishing the existence of a nuisance as *Page 1036 
defined in Section 1 of this act, the court to whom such petition and affidavits is presented shall forthwith issue a temporary restraining order, to be in force until the hearing of the rule to show cause under Section 5 of this act; and said temporary restraining order shall prohibit the use of the place where said nuisance is averred to exist for any purpose, or purposes, whatsoever pending the trial and determination of the said rule to show cause."
As we pointed out in the case of Cristina v. O'Dwyer,203 La. 103, 13 So.2d 481, without passing upon its legal effect, section 10 of Act No. 192 of 1920, as amended by Act No. 120 of 1940, in express terms makes it the mandatory duty of the judge to forthwith issue a temporary restraining order pending a hearing on the rule to show cause why the nuisance created by the gambling house should not be abated and an injunction issued to prohibit its operation.
Relators' complaint is that the trial judge refused to issue, without bond, a restraining order to prohibit the use of defendants' premises for any purpose whatsoever notwithstanding relators were entitled to the order under the express provisions of the legislative act on the authority of which they brought their suit.
In his return to the rule nisi issued on relators' application, the respondent judge gives his reasons for refusing to issue the temporary restraining order. He sets forth that an injunction is a harsh remedy and that there is nothing in section 10 of Act No. 192 of 1920, as amended, which relieves relators from furnishing bond. *Page 1037 
The trial judge challenges the constitutionality of Act No. 192 of 1920, as amended, on the ground that the act embraces more than one object and that its title is not indicative of its contents. He challenges the constitutionality of section 10 of Act No. 192 of 1920, as amended, on the ground that it provides for the confiscation of a person's property without notice, and that the provision, requiring that a temporary restraining order, without bond, be issued merely upon the ex parte showing of two alleged reputable citizens delegates judicial functions to the affiants and deprives the trial judge of his discretionary powers compelling him to close a person's business without a hearing, thereby depriving that person of his property without due process of law. There are other reasons assigned by the trial judge for his action in declining to issue the restraining order which, for the purposes of the decision in this case, are not necessary to mention.
The first ground of unconstitutionality urged against Act No. 192 of 1920, as amended, is not well founded. A similar attack on the constitutionality of the statute was unsuccessfully made in the case of Womack v. Varnado, La.Sup., 16 So.2d 825, recently decided. In that case we held that the statute had but one object, which was to suppress gambling, and that the various procedural steps embraced within the provisions of the act were only the means provided for the accomplishment of its object which, we also held, is indicated by the title.
The important question to be determined arises under the second ground of unconstitutionality *Page 1038 
pleaded by the respondent judge. This plea is leveled at the provision of section 10 of Act No. 192 of 1920, as amended by Act No. 120 of 1940, making it the mandatory duty of the judge, where a petition filed under the statute is supported by the ex parte affidavits of two reputable citizens, to forthwith issue a temporary restraining order prohibiting the use of the place where the nuisance is averred to exist for any purpose, or purposes, whatsoever pending the trial and termination of the rule to show cause.
According to the fifth section of Act No. 192 of 1920, as amended by Act No. 75 of 1922, the rule, ordering a defendant to show cause why the nuisance complained of should not be abated and an injunction should not be issued, must be fixed for hearing not later than five days, including Sundays, holidays and half holidays, from the date of the order to show cause and must be heard by preference over all other cases fixed for the same day and heard continuously day after day until submitted for adjudication.
The procedure outlined in section 5 affords the plaintiffs in a suit brought under the statute an expeditious and effective remedy to end the alleged nuisance without taking the further step of prohibiting by a temporary restraining order the use of the place where the nuisance is alleged to exist for any purpose, or purposes, whatsoever without notice to the proprietor thereof.
The respondent judge expressed his willingness to proceed in accordance with the summary and orderly process prescribed *Page 1039 
by section 5 of Act No. 75 of 1922, but relators were not willing to accept his proposal, insisting that they were entitled, as a matter of right, to the temporary restraining order without bond, as provided by section 10 of Act No. 120 of 1940.
It is well settled that the constitutionality of a statute does not depend upon what is done under its authority, but upon what may be done under its authority. Coe v. Armour Fertilizer Works,237 U.S. 413, 35 S.Ct. 625, 59 L.Ed. 1027.
Under the provisions of section 10 of Act No. 192 of 1920, as amended by Act No. 120 of 1940, the authority is delegated to two private parties to determine whether or not a person is maintaining in his place of business a public nuisance as defined under section 1 of the statute.
Obviously, whether or not a place of business is being maintained as a gambling establishment must be adjudicated upon as a fact. This is exclusively a judicial function which cannot be delegated to private parties. The fact must be determined and the appropriate judgment rendered by the court and not by private parties the averments of whose affidavits may not be true.
The wide scope of the statutory provision under review challenges instant attention. By its terms it is made the mandatory duty of the judge of the district court to issue the restraining order upon the mere presentation to him of the affidavits of two persons who may be misinformed as to the facts. He is helpless to review or to decide upon the truth or *Page 1040 
falsity of the statements contained in the affidavits. He must, in advance of any hearing of the parties, close up a business establishment upon the mere presentation of affidavits sworn to by private parties averring that the establishment is being conducted as a gambling house. Thus, section 10 of Act No. 192 of 1920, as amended by Act No. 120 of 1940, empowers any two private parties to take the law into their own hands, so to speak, and, by demanding a restraining order which the judge is compelled to grant, to close up a business establishment without affording any redress whatsoever to the proprietor until a trial can be had on the merits of the case.
A restraining order is intended to preserve the status quo until the propriety of issuing a preliminary injunction can be determined. The restraining order authorized by section 10 of Act No. 192 of 1920, as amended by Act No. 120 of 1940, instead of preserving, in effect, destroys the status quo by putting out of business, pending a hearing, the entire establishment where gambling is alleged to exist, irrespective of whether the establishment in whole or in part is devoted to a lawful purpose. And this on the demand of private parties, without notice and without a hearing being accorded the proprietors of the establishment.
A person's business is property within the meaning of the constitutional guaranty against taking private property without due process of law.
A statute enacted for the prevention of a public offense, which the Legislature *Page 1041 
deems necessary to declare in order to promote the public welfare, must be reasonably adapted to attain that end without unnecessarily invading personal or property rights.
Under the provisions of Act No. 192 of 1920, as amended, gambling is declared to be a public nuisance and a right of action to abate the nuisance is created in favor of a designated number of private parties. Undoubtedly the State, in enacting the legislation, exercised its power to supervise the public health, the public safety and the public morals. But it is a well-settled principle of constitutional law that while the right belongs to the legislative department to exert what are known as the police powers of the State and to determine, primarily, what measures are appropriate and needful for the promotion of the public health, the public safety, or the public morals, the right must be exercised subject to the power of the courts to adjudge whether any particular law is an invasion of rights constitutionally secured. Mugler v. State of Kansas,123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205.
The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. 12 Am.Jur., Constitutional Law, sec. 573, pp. 267, 268.
While there may be a few exceptional cases where due process of law does not require that before a court may issue a temporary restraining order, notice and an opportunity to be heard must be given a party allegedly maintaining a *Page 1042 
nuisance, all such orders are necessarily subject to judicial control. We know of no case, and have been referred to none, upholding a statutory provision granting the absolute right to private parties to close a business by means of a restraining order issued through the instrumentality of the trial judge whose mandatory duty under the statute is to sign the order whether or not in his opinion it meets the exigencies of the case. The affirmance of such a proposition implies that the judge is nothing more than a rubber stamp whose only duty is to place his stamp of approval upon the demand of private parties, irrespective of whether or not he may consider that the demand is well founded. It necessarily divests the judge of his discretionary power to dispense with notice to the opposite party in one of the exceptional cases which may require the exercise of such power.
It may be argued that the restraining order authorized by the statute only temporarily disturbs the business in which it is alleged the proprietor maintains a nuisance. If so, the argument is inadmissible. It cannot be successfully controverted that under the broad terms of the statutory provision the restraining order authorized thereby not only interferes with the right of a proprietor to conduct his business in a manner which is said ex parte to be unlawful, but also restricts his right to conduct his business for a purpose which may be conceded to be lawful.
It is true that the closing of a person's business under a temporary restraining order may not be permanent and therefore *Page 1043 
may not work a permanent injury to the business, nevertheless it cannot be successfully denied a person's business may be irreparably injured by legislation prohibiting its operation even for a limited period.
The statutory provision under review violates the well-established principle that a restraining order will not be granted where it may operate oppressively or contrary to justice, or where it is not reasonable and inequitable under the circumstances of the case. The provision also violates the established principle that where there is power to abate a nuisance, the abatement must be limited by its necessity and no unnecessary injury inflicted upon the property of the opposite party. Those are matters which should be determined by the judge, exercising his sound discretion, and not depend upon the whims, caprices or misinformation of private persons.
The statute itself provides for the speedy and efficacious hearing and disposition of a private action to suppress a public nuisance brought under its authority. The lack of a restraining order, issued upon the ex parte affidavits of two persons, who may or may not be parties to the action, by virtue of which the place where the alleged nuisance is alleged to exist must be closed for any purpose, or purposes, whatsoever during the slight delay elapsing between the filing of the suit, and its contradictory hearing between the parties, cannot in the ordinary course of events materially injure or endanger the rights of the complainants or the public. *Page 1044 
From the foregoing considerations it appears to us that the statutory provision under review permits an unnecessary invasion of property rights and is therefore an unreasonable exercise of the police power. It places a restriction upon the use of property which, although it be only temporary in character, may cause irreparable injury without effecting proportionate ends conducive to the public welfare. We therefore find no error in the ruling complained of.
For the reasons assigned, the rule nisi herein issued is discharged and relators' application for a writ of mandamus to compel the trial judge to issue the restraining order referred to therein is denied at relators' cost.
HIGGINS, J., absent.