241 So.2d 799 (1970)
Almon JOHNSON, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al., Defendant-Appellee.
No. 3260.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1970.
*800 Roy B. Tuck, Jr., Leesville, for plaintiff-appellant.
Hall & Coltharp by L. H. Coltharp, Jr., DeRidder, for defendant-appellee.
Before FRUGÉ, SAVOY and MILLER, JJ.
MILLER, Judge.
Plaintiff seeks damages resulting from an automobile accident which occurred February 21, 1969. The trial court sustained defendants' exception of prescription holding that the suit was not filed in the office of the Clerk of Court until February 25, 1970, and the claim prescribed February 24, 1970. We affirm.
February 21st and 22nd, 1970 were non-judicial daysSaturday and Sunday. The Clerk of Court's office was closed Monday, February 23rd for painting, but was open for business on February 24th and 25th.
Plaintiff physically delivered the petition to Honorable James C. Terrell, Jr., District Judge on February 23rd, and Judge Terrell wrote the following endorsement on the face of the petition:
"Filed this day with me in Chambers Clerk's Office being painted. Leesville, La., February 23, 1970. James C. Terrell, Jr., Judge."
The petition was received by the Clerk of Court's office February 25, 1970.
Since the Clerk of Court's office was closed Monday, February 23, 1970, the prescriptive period was suspended for that day. Saxon v. Fireman's Insurance Co. of Newark, N. J., 224 So.2d 560 (La.App. 3d Cir. 1969). Thus the filing of the suit in the Clerk of Court's office on February 24, 1970 would have been timely. The February 25th filing was too late.
Plaintiff appellant argues that the District Judge has authority to accept the petition; that when he endorsed it as "filed", prescription was interrupted. But he has not cited any cases.
Plaintiff appellant makes an impressive argument based on LSA-CCP Arts. 253, 191, and LSA-R.S. 13:910. Plaintiff submits that LSA-CCP Art. 253 provides that pleadings "shall be delivered to the clerk of the court". Nevertheless this article has not been literally interpreted for it is established that a deputy clerk of court can accept and file pleadings. LSA-R.S. 13:910. Plaintiff then emphasizes the statute requiring the court to approve the Clerk's appointments of Deputy Clerks (LSA-R.S. 13:910) and submits that the judge "possesses inherently" the power to receive and mark as filed a petition to commence an action even though such duty or power be "not granted expressly by law." LSA-CCP Art. 191. Since the District Judge has authority to direct and assign duties to Deputy Clerks of Court, plaintiff submits that the court can perform duties allotted to these deputy clerksparticularly when such duty is directly necessary for the court to exercise its jurisdiction.
We are not persuaded. The unrelenting nature of a prescriptive period is summarized at 51 Am.Jur.2d, Limitation of Actions, § 19, page 603:
"Statutes of limitation find their justification in necessity and convenience rather than in logic, and it has been said that they represent expedience rather than principles. These statutes create repose and are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have disappeared or died, and evidence has been lost. Accordingly, the fact that the barred claim is a just one or has the sanction of a moral obligation *801 does not exempt it from the statute of limitations. The statutes are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the avoidable and unavoidable delay. They apply with full force to the most meritorious claims, and courts cannot refuse to give the statute effect merely because it seems to operate harshly in a case involving an obviously meritorious claim."
Dubois v. Olympic Insurance Company, 231 So.2d 714 (La.App. 1 Cir. 1970) held that:
"* * * a suit is filed when it is timely placed in the hands of the clerk of a court of competent jurisdiction for filing. R.S. 9:5801; Article 421, Code of Civil Procedure; Cupples v. Walden, 124 So.2d 613 (La.App. 3 Cir. 1960).
In Saxon v. Fireman's Insurance Company of Newark, N. J., supra, this court said:
"Actions are commenced by filing them in the clerk's office. LSA-CCP Arts. 253, 421; Cupples v. Walden, La.App. 3d Cir., 124 So.2d 613; see also, McGee v. Southern Farm Bureau Casualty Ins. Co., La.App. 3d Cir., 125 So.2d 787, 791."
In Roby v. Leonard, 209 So.2d 182 (La. App. 1 Cir. 1968), the Court, referring to CCP Art. 253, said:
"This provision was first placed in our procedural law with the enactment of the Code of Civil Procedure. It is our understanding of this code article, that all that would be required of a party litigant who wishes to file a pleading in a pending action is to deliver the pleading to the clerk of court or to an appropriate individual in his office. * * *"
In Cupples v. Walden, 124 So.2d 613 (La.App. 3d Cir. 1960) which arose prior to the adoption of the Code of Civil Procedure, this court stated:
"The Court is of the opinion that the filing of the suit under provisions of LSA-R.S. 9:5801 means that the depositing of a suit with the clerk or one of his deputies is the actual filing of a suit under said provision of law, * * *."
In Cristina v. O'Dwyer, 203 La. 103, 13 So.2d 481 (1943), a petition for an injunction was presented to the District Judge before it was filed with the Clerk of Court. The trial judge refused to sign the order and returned the petition to plaintiff's attorney. Thereafter the petition was filed with the Clerk of Court and then counsel applied to the Louisiana Supreme Court for writs. The statute under which plaintiff proceeded provided that upon the FILING of such a suit the Judge would then take certain action. The district judge answered the application for writs explaining that the application for the injunction was not presented to him AFTER it had been filed with the clerk. The Supreme Court sustained the trial judge's position holding that:
"* * * since the petition in this case had not been filed when it was presented to the judge, as required by the act as a condition precedent to the issuance of a restraining order, the relators were not entitled to the relief sought."
The implication is that a suit is not filed when presented to the judge, but only when it is filed in the office of the Clerk of Court.
Other jurisdictions have considered this issue and have found that a paper or pleading is not filed when presented to the judge, but only when it is deposited with the Clerk of the Court, for the purpose of making it a part of the records of the case. United States v. Lombardo, 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897 (1916); In re Gubelman, 10 F.2d 926 (CCA 2nd Cir. 1925); Laser Grain Co. v. United States, 250 F. 826, 831, 163 C.C.A. 140; Emmons v. Marbelite Plaster Co. (C.C.) 193 F. 181; In re Von Borcke (D.C.) 94 F. 352; Williams v. New York, P. & N. R. Co., 11 F.2d 363, 45 A.L.R. 437 (CCA 4th Cir. 1926); Elbs v. Yates-American Mach. Co., 23 F.2d 368 (D.C.W.D.N.Y.1928). See also 16A Words and Phrases, "File", page 116.
The duty of receiving and filing a pleading is a ministerial duty of the Clerk of *802 Court or his duly appointed deputies. It is not a judicial act for the District Judge. Louisiana Constitution Article 7, § 3 provides, in part, that "No function shall ever be attached to any court of record, or to the judges thereof, except such as are judicial."
District Judges have no authority to file cases. They have no staff to assist and no record books in which to record the filing. There is no suggestion that the judge has knowledge of the necessary filing fees. Furthermore, the judge doesn't have the service of process forms to arrange for prompt service of process on the defendants.
In Louisiana, as elsewhere, the Clerk of Court, or a deputy, is the proper officer to receive a suit petition, and it is not filed until it is delivered to these officers. The duty to receive and file pleadings is a ministerial function and not a judicial act.
A claimant is presumed to know the law and he is required to file his suit with the proper official within the proper time.
The trial court's judgment is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
Affirmed.