BLANCHE, Judge.
Defendant, Athena, Inc. (Relator) has applied for supervisory writs to review the judgment of the trial court overruling Relator’s peremptory exception of one year liberative prescription in defense of the in personam maritime tort action brought against Relator by Plaintiff, Robert S. Box (Respondent). Respondent has moved to dismiss Relator’s application for failure to file same in this court by December 17, 1974, as ordered by the court below. We grant Respondent’s motion to dismiss, and consequently Relator’s application will not be considered.
The procedure governing applications for supervisory writs and the filing of such applications in the courts of appeal, is governed by Rule XII, Section 2, Uniform Rules of the Courts of Appeal, which pertinently states:
“The party or attorney intending to apply to the court for a writ of certiora-ri * * * shall give to the judge or judges whose ruling is complained of, and to the party made respondent * * * notice of such intention;
Jfc * * * * *
*178 Upon such notice being given to the judge, he shall fix a reasonable time within which the application shall be filed in this court, * * * * Any application not filed in this court within the time so fixed or extended will not be considered unless the applicant establishes to the court’s satisfaction that the delay in filing was not due to his fault.”
It appears from the record that Relator’s application was filed with the Clerk of this court on December 26, 1974, and according to the requirements of the above rule, was not timely filed.
In defense of this apparent tardiness, Relator argues that he filed his application timely by depositing the same in the United States mail on December 17, 1974, the last date fixed by the trial judge on which the application could be filed. He next argues that our Rule XII above does not provide for the filing of a writ application by mail, though Rule X, Section 5(b) of the Rules of the Supreme Court of Louisiana does provide for filing of such writs by providing that applications sent through the mail for filing shall be timely filed when the official United States postmark upon the envelope transmitting it shows that it was mailed on or before the last day of the delay for filing. He further argues that the Louisiana Constitution of 1921, Article 7, Section 27, states that until otherwise provided, the rules regulating proceedings in the Supreme Court shall also apply to the Courts of Appeal. This constitutional mandate was in effect when the present application was mailed.
We are unable to accept Relator’s argument. The depositing of an application for a writ in the mail does not constitute a filing “in this court” as provided for by our Rule XII, Section 2, supra. The words “filed in this court” are easily understood words and it would be a strange construction of those simple words to suppose that a filing in this court is constituted when the instrument is deposited in the United States mail. Elsewhere our rules do provide that in the case when briefs (Rule IX, Section 9) or applications for rehearing (Rule XI, Section 2) are sent through the mail, the filing shall be timely when the postmark shows that the document was marked on or before the due date. We see no reason why a different rule should obtain for the filing of writs, but the simple fact remains that the rule does not so provide. Thus, if Relator chooses the mail as a means of transmitting its application for writs to this court, the duty was on Relator to insure that the same was deposited in the mail in order that it would reach the court for filing on or before the due date.
Relator has submitted to this court the affidavit of Julie A. Zimmerman, secretary to counsel for Relator. Said affiant deposes that Relator’s application, with proper postage attached, was deposited by the secretary in the post office, Franklin, Louisiana, at approximately 5:15 p. m., December 17, 1974. Relator has also filed herein an affidavit by Elton J. Champagne, Postmaster, Franklin, Louisiana, explaining the procedure they employ for postmarking mail deposited after 5:00 p. m. Mr. Champagne avers it to be customary procedure that all mail deposited after 5:00 p. m. is postmarked the following day. Said af-fiant further deposed that, while he had no way of knowing what date Relator’s application was deposited in the post office, the postmark of December 18, 1974, indicates a deposit in said post office betw- en 5:00 p. m., December 17 and 5:00 p. m. December 18, 1974.
Assuming arguendo, that we should apply the Supreme Court rule as Relator suggests, it is to be observed that Relator has not even complied with the Supreme Court rule. The Supreme Court rule provides that an application sent through the mail for filing shall be deemed timely filed when the official United States postmark upon the envelope transmitting it shows that it was mailed on or before the last day of the delay for filing. The last day *179 for filing was December 17, 1974, and the official postmark shows that it was mailed on December 18, 1974. Therefore, it matters not that the application could have actually been mailed on December 17 when a December 18 postmark is shown because the postmark on the envelope shows that it was mailed after the last day for filing.
For the above reasons, Relator’s application is dismissed at its cost.
Dismissed.