LOTTINGER, Judge.
ON MOTION TO DISMISS
This Court, ex proprio motu, issued a show cause order as to why this appeal should not be dismissed for failure to timely file the appeal bond.
Judgment was signed on June 15, 1977. The motion of appeal was filed on July 15, 1977, and the appeal bond on September 6, 1977.
An appeal bond is jurisdictional, and appellate courts do not acquire jurisdiction of an appeal which is not timely perfected. Taylor v. Harvey, 340 So.2d 1072 (La.App. 1st Cir. 1976).
In response to the show cause order, appellant[1] contends LSA-C.C.P. art. 2087 provides the security for an appeal may be furnished within 60 days of the date of the appeal. We do not agree. Article 2087 is very clear when it provides:
*495 “Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within sixty days after:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
“When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any other appel-lee, may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first Paragraph of this Article, or within ten days of the granting of the first devolu-tive appeal in the case, whichever is later.”
Therefore, under the above facts, the appeal bond was not filed timely.
Therefore, for the above and foregoing reasons the appeal of James C. Johnson, Jr. is dismissed at appellant’s cost.
APPEAL DISMISSED.

. Both James C. Johnson, Jr. and his wife, Bonnie Johnson, are the plaintiffs and have appealed. The judgment of the Trial Court dismissed this suit as against the plaintiff, James C. Johnson, Jr. but does not mention Bonnie Johnson.