BOUTALL, Judge.
This matter is before us on our own motion to show cause why the appeal should not be dismissed because of untimely filing of the devolutive appeal bond.
On October 28th and November 15th, 1977, the trial court rendered judgments against the plaintiffs dismissing the suit. On November 23, 1977, plaintiffs filed an appeal from these judgments and on November 28, 1977, an order was entered granting the devolutive appeal and setting the bond at $500.00. No bond was filed until January 26, 1978. Noting lack of timely compliance with Code of Civil Procedure Article 2087, we issued our rule.
Under Article 2087, the plaintiffs had 60 days, from the expiration of the delay for a *209 motion for a new trial, to appeal and furnish security. In this case, the deadlines were January 8 and 24, 1978. The appeal order was timely taken, but the bond was not posted within the 60 day period. Nor were the estimated costs paid within the period, which would have served as substitute security. Bacmonila Garden Apartment, Inc. v. Williams, 355 So.2d 288 (1978). (Costs were paid in this case on February 13, 1978.)
Under these circumstances, we dismiss the appeal. The decision of this court in Cotaya v. Louisiana Health Service & Indemnity Company (La.App. 4th Cir. 1978) controls this case. In that case, it was determined that Act 176 of 1977 which eliminated the security requirement for a devolutive appeal only applied to those appeals in which the order of appeal was granted on or after January 1, 1978. Since the appeal order was taken in this case on November 23, 1977, the provisions of Act 176 are not applicable.
While it is clear that a devolutive appeal bond is dispensed with in appeals in which the order of appeal is granted on or after January 1, 1978, it is equally clear that the Act does not apply when the order of appeal is granted prior to January 1, 1978. The Act specifically provides:
“The effective date of this Act is January 1, 1978; the provisions hereof shall apply to all appeals in which the order of appeal is granted on or after the effective date hereof.”
Under the plain wording of the Act, no other interpretation is possible. We therefore dismiss the appeal.
SCHOTT, J., concurs with reasons.
REDMANN, LEMMON and GARRISON, JJ., dissenting.