EDWARDS, Judge.
Reed’s Electric Company (Reed’s), defendant-garnishee in an earlier proceeding, brought suit against Royal Furniture Company of Baton Rouge, Inc. (Royal), plaintiff in the earlier suit, seeking to vacate and set aside a judgment in Royal’s favor.
Judgment in favor of Reed’s and vacating the prior judgment was signed on October 8, 1980. Royal subsequently filed a motion for new trial. Following a hearing on November 21, 1980, the motion for new trial was denied for oral reasons assigned by the court. On January 27,1981, Royal obtained an order for appeal. Reed’s moves for dismissal of the appeal as untimely.
LSA-C.C.P. Art. 2087 provides in pertinent part:
“Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3)The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
LSA-C.C.P. Art. 1914 provides:
“When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
If a written request for notice of the rendition of the interlocutory order or judgment in such a case has been filed, the clerk shall mail notice thereof to the party requesting it; and the latter shall have ten days from the date of the mailing of the notice to take any action or file any pleadings he deems necessary, except as provided in the next paragraph.
If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of such notice, as provided in Articles 2087 and 2123.
The provisions of this article do not apply to an interlocutory injunctive order or judgment.”
A review of the record indicates that Royal filed no written request for notice and that the denial of Royal’s motion for new trial was by oral decision and was not taken under advisement.
There is no requirement that an interlocutory judgment denying an application for a new trial be in writing or signed by the trial court. Domino v. Striplen, 366 So.2d 1035 (La.App. 1st Cir. 1978), writ denied 369 So.2d 457 (La.1979); Simon v. Lumbermens Mutual Casualty Company, 138 So.2d 465 (La.App. 3rd Cir. 1962).
Since Royal was not entitled to written notice and since the minutes of the district court clearly show denial of the motion for new trial, it is evident that January 20, 1981, was Royal’s last day to appeal. This deadline was missed by seven days.
*418 For the foregoing reasons, it is hereby adjudged, ordered and decreed that the appeal of Royal Furniture Company of Baton Rouge, Inc., be and the same is, hereby dismissed. All costs, both trial and appellate, are to be paid by Royal Furniture Company.
APPEAL DISMISSED.