399 So.2d 183 (1981)
Joseph N. TRAIGLE, Collector of Revenue, State of Louisiana
v.
GULF COAST ALUMINUM CORPORATION, et al.
Robert PETERS
v.
LIVINGSTON WOOD PRODUCTS, INC., et al.
Kevin Roy SCALES
v.
STATE of Louisiana, State of Louisiana Department of Highways, ABC Architectural Firm, and Engineers A & B.
Nos. 81-C-0068, 81-C-0084 and 81-C-0143.
Supreme Court of Louisiana.
May 18, 1981.
Rehearing Denied June 22, 1981.
W. Steven Mannear, Riley F. Boudreaux, Baton Rouge, Jerry Blouin, New Orleans, for plaintiff-applicant in No. 81-C-0068.
G. William Jarman, Sanders, Downing, Kean & Cazedessus, Baton Rouge, for defendant-respondent in No. 81-C-0068.
Frank S. Bruno, Jerry Blouin, New Orleans, for plaintiff-relator in No. 81-C-0084.
Henry A. Mentz, Jr., Mentz & Cashe, Hammond, for defendant-respondent in No. 81-C-0084.
Raymond G. Jones, of Deutsch, Kerrigan & Stiles, New Orleans, for defendant-applicant in No. 81-C-0143.
John P. Massicot, of Silvestri, Marinaro, Massicot & Davis, New Orleans, for plaintiff-respondent in No. 81-C-0143.
WATSON, Justice.
Writs were granted in these consolidated cases to consider whether an appeal should *184 be dismissed when a timely motion for appeal is made but the court order is not signed within the delays allowed. LSA-C.C.P. art. 2121.[1]

FACTS
TRAIGLE v. GULF COAST ALUMINUM:
Copies of a signed judgment in favor of defendants were mailed to the parties on January 30, 1980. The delay for applying for a new trial expired on February 8, 1980. LSA-C.C.P. art. 1974.[2] The delay for a devolutive appeal expired sixty days later on April 8. LSA-C.C.P. art. 2087.[3] On March 6, a "Petition and Order for Appeal" was filed with the clerk of court but no order of appeal was attached. An order of appeal was mailed to the clerk of court on April 2 and received on April 7.[4] The order was signed by the district judge on April 14, 1980, after the delay for devolutive appeal had run.
Defendants filed a motion to dismiss the unlodged appeal on the ground that it was not timely. The Court of Appeal, en banc, dismissed plaintiff's appeal.[5] The First Circuit held that an appeal can be perfected only when a timely signature is obtained on the order of appeal. An earlier decision to the contrary in Hall v. Board of Supervisors, 387 So.2d 643 (La.App. 1 Cir. 1980) was overruled.
PETERS v. LIVINGSTON WOOD PRODUCTS:
The judgment was signed and mailed on February 28, 1980. No motion for new trial was filed, and the time for taking a devolutive appeal expired on May 9, 1980. Plaintiff filed a petition and order of appeal on April 3, 1980, but the order was not signed until May 12.
The defendants moved for dismissal on the ground that the order was not timely. *185 The First Circuit relied on Traigle, supra, and dismissed the appeal.[6]
SCALES v. STATE OF LOUISIANA:
An exception of prescription on behalf of one defendant was sustained by judgment on January 17, 1980. The time for taking a devolutive appeal expired on March 28. Plaintiff filed a petition and order of appeal on March 17, but the order was not signed until June 17, 1980.
The Court of Appeal issued an ex proprio motu rule to show cause why the appeal should not be dismissed and then determined that the rule should be recalled and vacated.[7] The Fourth Circuit concluded that, when a motion for appeal is timely filed with the clerk of court, the failure of the trial court to sign the motion during the delay period does not automatically result in dismissal of the appeal. The Fourth Circuit stated its agreement with Hall, supra, while noting that it had been overruled by the First Circuit in Traigle. A conflict in the circuits resulted.

CONCLUSION
The First Circuit held in Traigle and Peters that, under LSA-C.C.P. art. 2121, an order of appeal must be obtained, i. e. signed, within the delay allowed or the appeal will be dismissed as untimely.
In Scales, the Fourth Circuit relied on LSA-C.C.P. art. 2161[8] and concluded that failure to obtain the trial judge's signature timely is not an error or defect imputable to the appellant.
The signing of an order of devolutive appeal has become a mere formality. As originally written, LSA-C.C.P. art. 2124 required that security be furnished for a devolutive appeal.[9] LSA-C.C.P. art. 2121 required that the order of appeal fix the amount of the appeal bond to be furnished.[10] Since the bond had to be furnished within the delay provided for taking an appeal, the order also had to be signed during that period.[11] Since Article 2124 has been amended to eliminate security for devolutive *186 appeals,[12] the trial court is no longer required to fix an appeal bond. The signing of a devolutive appeal order has been reduced to a formality.
The articles of the Code of Civil Procedure are to be construed liberally and are not an end in themselves.[13] The right to appeal has constitutional sanction. Appeals are favored in the law and aided by the courts.[14]
LSA-C.C.P. art. 253 requires that all pleadings filed in an action be delivered to the clerk of court who shall retain possession of them.[15] The clerk is required by law to retain possession of a motion and order for appeal. This requirement deprives an appellant of any absolute right to personally deliver his order to the trial judge for signature.[16] After pleadings are filed, the clerk of court has a duty to obtain a judge's signature on documents which require it.
The trial judge is not the only individual who can grant an order of appeal. In all parishes but Orleans, the clerk of court, and his chief deputy clerk, are authorized by LSA-C.C.P. art. 282 to grant appeals.[17]
When an appellant timely files an order of appeal with the clerk of court, he has delivered it to a public official who has a duty to obtain the judge's signature thereon or sign it himself. When a timely filed order of appeal is not signed during the delay period, this is not a fault or defect imputable to the appellant. LSA-C.C.P. art. 2161 mandates that no appeal shall be dismissed unless the error or fault is imputable to the appellant. Therefore, no appeal shall be dismissed when the motion for appeal is filed timely but the order is not signed until after the delay has run.[18]
For the foregoing reasons the following is ordered in these consolidated cases:
The decision of the First Circuit, Court of Appeal in Traigle v. Gulf Coast Aluminum Corporation, No. 81-C-0068, dismissing the appellant's appeal, is reversed, the appeal is reinstated and the case is remanded.
REVERSED AND REMANDED.
The decision of the First Circuit, Court of Appeal in Peters v. Livingston Wood Products, Inc., et al, No. 81-C-0084, dismissing *187 the appellant's appeal, is reversed, the appeal is reinstated, and the case is remanded.
REVERSED AND REMANDED.
The decision of the Fourth Circuit, Court of Appeal in Scales v. State of Louisiana, No. 81-C-0143, recalling and vacating its ex proprio motu rule to show cause why the appeal should not be dismissed, is affirmed and the case is remanded.
AFFIRMED AND REMANDED.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I consider that La. Code Civ.P. art. 2121 means what it says, that is, an "appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment." It does not mean the mere filing of a petition and order for an appeal with the clerk of court within the delay allowed. I consider that it is the obligation of the appellant to "obtain" the "order" within the "delay allowed" from the "court" which rendered the judgment. Accordingly, I respectfully dissent.
NOTES
[1] LSA-C.C.P. art. 2121 provides:

"An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.
"An order of appeal may be granted on oral motion in open court, on written motion, or on petition. This order shall show the return day of the appeal in the appellate court and shall provide the amount of security to be furnished, when the law requires the determination thereof by the court.
"When the order is granted, the clerk of court shall mail a notice of appeal to counsel of record of all other parties, to the respective appellate court, and to other parties not represented by counsel. The failure of the clerk to mail the notice does not affect the validity of the appeal."
[2] LSA-C.C.P. art. 1974 provides:

"The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
"When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."
[3] LSA-C.C.P. art. 2087 provides:

"Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect of the execution of an appealable order or judgment may be taken within sixty days of:
"(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
"(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
"(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
"When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later."
[4] The petition was for a suspensive appeal without bond under LSA-R.S. 13:4581. The order of appeal was filed after the delay for suspensive appeal had run, and the appeal is being treated as devolutive.
[5] Traigle v. Gulf Coast Aluminum, 391 So.2d 1290 (La.App. 1 Cir. 1980).
[6] Robert Peters v. Livingston Wood Products, 393 So.2d 300 (La.App. 1 Cir. 1980).
[7] Scales v. State of Louisiana, 391 So.2d 871 (La.App. 4 Cir. 1980).
[8] LSA-C.C.P. art. 2161 provides:

"An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later."
[9] LSA-C.C.P. art. 2124 read in pertinent part as follows:

"The security to be furnished for a devolutive appeal shall be fixed by the trial court at an amount sufficient to secure the payment of costs."
[10] LSA-C.C.P. art. 2121 read in pertinent part as follows:

"An order of appeal may be granted on oral motion in open court, or on petition; it shall show the return day of the appeal in the appellate court and shall provide the amount of security to be furnished when the law requires the determination thereof by the court."
[11] LSA-C.C.P. art. 2087 provided:

"Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
"(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
"(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
"(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914."
The appeal bond was jurisdictional in nature, failure to file it timely resulted in dismissal of the appeal. See, e. g., Jones v. Gulf Insurance Company, 364 So.2d 208 (La.App. 4 Cir.1978); Landry v. Dent, 358 So.2d 673 (La.App. 1 Cir. 1978); Johnson v. State Department of Highways, 356 So.2d 494 (La.App. 1 Cir. 1977); Robbins v. Estate of Bordelon, 356 So.2d 113 (La.App. 3 Cir.1978).
[12] Act.1977, No. 176 § 1.
[13] LSA-C.C.P. art. 5051 provides:

"The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves."
[14] See, e. g., Emmons v. Agricultural Insurance Co., 245 La. 411, 158 So.2d 594 (1963).
[15] LSA-C.C.P. art. 253 provides:

"All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such purpose. The clerk shall endorse thereon the fact and date of filing, and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law. The endorsement of the fact and date of filing shall be made upon receipt of the pleadings or documents by the clerk and shall be made without regard to whether there are orders in connection therewith to be signed by the court."
[16] According to the briefs of the parties in Scales, this procedure is followed in the 24th Judicial District Court. The clerk of court retains possession of the motion for appeal and it is presented to the trial judge along with the record in the case.
[17] LSA-C.C.P. art. 282 provides in pertinent part as follows:

"The clerk of a district court may:
* * * * * *
"(1) Grant an appeal...."
LSA-C.C.P. art. 281 provides that this article, among others, shall not apply to the clerks and deputy clerks of Orleans Parish. LSA-C.C.P. art. 286 extends the power granted under article 282 to the chief deputy clerk. This power may be exercised even when the judge of the district court is present in the parish. LSA-C.C.P. arts. 285 and 286.
[18] This holding is limited to devolutive appeals. Suspensive appeals generally require the furnishing of security within the delay for appeal. Security is required because the prevailing party is deprived of the right to execute his judgment until after disposition of the appeal. See LSA-C.C.P. art. 2123. Therefore, it is necessary that the provisions of the Code of Civil Procedure, requiring security for a suspensive appeal to be furnished during the delay for appeal, be strictly construed. Failure to furnish the required suspensive appeal bond within the delay period would be a fault or defect imputable to the appellant.