PONDER, Judge.
Appellee moved to dismiss the appeal on the grounds that it was untimely.
The timeliness of the appeal is the sole issue. We deny the motion.
Trial on the merits was had September 22, 1980. On October 7, judgment was signed. A motion for a new trial was denied on October 14. Defendant filed the motion for appeal December 12, within the time limits prescribed by C.C.P. Art. 2087.[1]
The order of appeal, however, was not signed until December 16, after the delays for a devolutive appeal had run.
Appellee argues that under LSA-C.C.P. Art. 2121,[2] an order of appeal must be signed within the delay allowed for obtaining an appeal or be dismissed as untimely.
In the consolidated case of Joseph N. Traigle, Collector of Revenue, State of Louisiana v. Gulf Coast Aluminum Corporation, et al., 399 So.2d 183 (1981), the Supreme Court held a timely filed appeal, signed after delays have run, shall not be dismissed as untimely. Basing its decision on LSA-C. *1225 C.P. Art. 2161,[3] the court held the fault of the Clerk of Court in not signing the appeal himself or in not obtaining the judge’s signature thereon shall not be imputable to the appellant.
MOTION DENIED.

. LSA-C.C.P. Art. 2087:
“Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an ap-pealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reserved as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.”

. LSA-C.C.P. Art. 2121:
“An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.
An order of appeal may be granted on oral motion in open court, on written motion, or on petition. This order shall show the return day of the appeal in the appellate court and shall provide the amount of security to be furnished, when the law requires the determination thereof by the court.
When the order is granted, the clerk of court shall mail a notice of appeal to counsel of record of all other parties, to the respective appellate court, and to other parties not represented by counsel. The failure of the clerk to mail the notice does not affect the validity of the appeal.”

. LSA-C.C.P. Art. 2161:
“An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”