COLE, Judge.
This court ex proprio motu has examined the record in this case and has determined the appeal is untimely. The record reveals the following chronology:
1. Judgment signed and rendered and notices mailed December 11, 1980
2. Last day to apply for new trial (no application was made) December 22, 1980
3. Last day to perfect a devolutive appeal; La.Code Civ.P. art. 2087 February 20, 1981
4. Motion for appeal filed February 27, 1981
5. Order of appeal signed March 4,1981[1]
Accordingly, the order of appeal signed on March 4, 1981 was not timely filed. La. Code Civ.P. art. 2087. This court therefore lacks jurisdiction to hear the appeal.
For the above reasons, the appeal is dismissed at appellant’s cost.[2]
APPEAL DISMISSED.

. The order itself is dated February 4, 1981. But the notice of appeal and the minute entry each state the order was granted on March 4, 1981. Since the motion for appeal was not filed until February 27 it is obvious that the ' order could not have been signed on February 4. We conclude a clerical error caused the order to be dated February 4 instead of March 4.

. For clarification of timeliness of appeal, see Traigie v. Gulf Coast Aluminum Corporation, et al., 399 So.2d 183 (La.1981).