SCHOTT, Judge.
This is before us on our own motion to show cause why the appeal should not be dismissed. The last day for taking the appeal was on January 14, 1981, but the motion for the appeal was not filed until January 16.
In response to our rule to show cause appellant has shown that he mailed the motion for appeal on January 13 and argues that he should not be penalized because of a delay in postal service. C.C.P. Art. 2121 provides that an appeal is taken by obtaining an order from the trial court “within the delay allowed.” This necessarily requires that the motion or petition for appeal be filed within that delay. Art. 253 provides that all pleadings to be filed shall be delivered to the clerk of the court. It was thus incumbent upon appellant to insure that his motion for appeal be in the hands of the clerk of court within the delay provided by Arts. 3942 and 3943, and he assumed the risk of a delay when he chose to send his motion by mail rather than to deliver it to the clerk of court.
Appellant also contends that the delay for his appeal was somehow extended by virtue of his disagreement with appellee *767 as to the form of the judgment drafted by appellee’s counsel. He has annexed to his reply copy of two letters of December 12, 1980, from his counsel to the trial judge in which he took issue with certain provisions of what his counsel referred to as a “draft judgment.” The judgment had already been signed eight days previously when this letter was sent. At this point appellant’s only remedy was to take a timely appeal. His failure to do so resulted in the judgment becoming final in the trial court on January 15, 1981, and the appellate court could not obtain jurisdiction over the case thereafter.
Accordingly, the appeal is dismissed.
APPEAL DISMISSED.