SHORTESS, Judge.
Terry J. Hill, plaintiff-appellee, moves to dismiss this devolutive appeal on the grounds that it was not perfected within the delays authorized by law. This case involves a change of custody award of the two minor children born of the marriage between Terry J. Hill and Gloria Ann Hill, appellant, which gave appellee custody. Pertinent dates and facts are as follows:
1. October 14, 1981 Judgment changing custody was rendered.
2. October 21, 1981 Judgment signed.
3. October 22, 1981 Appellant filed application for supervisory and remedial writs, which were denied by the court on the same date.
4. November 30, 1981 Appellant filed motion for appeal with East Baton Rouge Parish Clerk of Court.
5. December 2, 1981 Order of appeal signed by trial judge.
The last date on which appellant’s motion for appeal could have been timely filed was November 30, 1981. La.C.C.P. 2087, 3942, and 3943. The notice of appeal bears the Clerk of Court’s stamp indicating that the motion was filed in that office on November 30, 1981. This fact is also supported by the affidavit of Gary Dale, an employee of Courthouse Courier, Inc., stating that he filed appellant’s motion for appeal with the Clerk’s Office on November 30, 1981. Apparently the motion did not reach the trial judge’s desk until December 2, 1981, at which time he signed the order for appeal which was then marked filed by the Family Court.
In Traigle v. Gulf Coast Aluminum Corporation, et al., 399 So.2d 183, at p. 186 *1157 (La.1981), our Supreme Court stated the applicable rule:
When an appellant timely files an order of appeal with the clerk of court, he has delivered it to a public official who has a duty to obtain the judge’s signature thereon or sign it himself. When a timely filed order of appeal is not signed during the delay period, this is not a fault or defect imputable to the appellant. LSA-C.C.P. art. 2161 mandates that no appeal shall be dismissed unless the error or fault is imputable to the appellant. Therefore, no appeal shall be dismissed when the motion for appeal is filed timely but the order is not signed until after the delay has run.” (footnotes omitted)
The holding in Traigle was followed by this court in E. D. Haber Heating & Air Conditioning, Inc. v. Koppenal, 399 So.2d 1224 (La.App. 1st Cir. 1981).
For the above reasons, the motion to dismiss this appeal is denied at mover’s costs.
MOTION TO DISMISS DENIED.