NORRIS, Judge.
Defendant-appellee, National Convenience Stores, Inc., moves to dismiss this devolutive appeal from a judgment rejecting plaintiffs’ demands to terminate a lease agreement on the grounds that it was untimely filed.
The pertinent dates and facts are as follows:
(1) August 9, 1982 — Judgment signed and filed; Notice of Judgment mailed to counsel for all parties.
(2) October 20, 1982 — Motion and Order for Appeal signed and filed.
(3) October 18, 1982 — The last date on which the motion for appeal could have been timely filed. La.C.C.P. Art. 2087.
Appellants’ counsel concedes in his Opposition to Motion to Dismiss that the delays for taking a devolutive appeal from the judgment in question expired on October 18, 1982. However, he contends that on October 15,1982, he deposited in the mail at Jena, Louisiana, a letter to the Clerk of Court, a Motion to Substitute Counsel and a Motion for Appeal. Attached to this opposition is a copy of a letter to opposing counsel, a copy of a Motion to Substitute Counsel, and an original envelope mailed to one of his clients containing copies of the letter and the motions. Also attached as an exhibit is a copy of the original motion for appeal showing that it was filed and the order signed on October 20, 1982. It is the contention of appellants that the motion for *1227 appeal was timely mailed, delivered and tendered to the Clerk of Court because it should have been actually received by the Clerk on October 18, 1982 and filed on that date but was not for reasons unknown to appellants. It was alleged that according to a Deputy Clerk of the trial court that the envelope in which the original motions and letter were mailed was discarded.
The law is now well settled that no devolutive appeal shall be dismissed when the motion for appeal is timely filed but the order granting the appeal is not signed until after the delay is run. The applicable rule is stated in Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183 (La.1981):
When an appellant timely files an order of appeal with the clerk of court, he has delivered it to a public official who has a duty to obtain the judge’s signature thereon or sign it himself. When a timely filed order of appeal is not signed during the delay period, this is not a fault or defect imputable to the appellant. Therefore, no appeal shall be dismissed when the motion for appeal is filed timely but the order is not signed until after the delay has run. [footnotes omitted]
See and compare Hill v. Hill, 412 So.2d 1156 (La.App. 1st Cir.1982); E.D. Haber Heating & Air Conditioning, Inc. v. Koppenal, 399 So.2d 1224 (La.App. 1st Cir.1981).
In the instant case, counsel for appellant would have us extend this rule to the ease where counsel claims to have mailed the motion and order timely but for unknown reasons it was not timely received and filed by the Clerk of Court.
While it is clear that the rule under Traigle and its progeny is that when an appellant proves that he has timely delivered a motion and order of appeal for filing to the Clerk of Court and the trial judge does not sign the order within the applicable delay period that the appeal will not be dismissed because the failure of the trial judge to sign the order is not imputable to the appellant, the burden of proof is upon the appellant to show that the motion and order was in fact timely delivered to the Clerk. The mere assertions by appellants’ counsel that the motion and order of appeal was mailed in sufficient time for it to have been received by the Clerk within the delay period coupled with an original envelope postmarked October 15, 1982, which he alleges he mailed to one of his clients on the same date is insufficient proof that the motion and order of appeal was actually delivered to the Clerk of Court prior to the expiration of the applicable appeal delays and should have been timely filed.
For the above reasons, the motion to dismiss appeal is granted at appellants’ costs.