WATKINS, Judge.
Plaintiffs, Charbonnet, Inc., and Hope Developers, filed suit against defendants, Ann Cook Ourso and H.M. “Mike” Cannon, in his capacity as Clerk of Court, seeking a permanent injunction, ordering the cancellation of a notice of lis pendens. Defendant Ourso had caused the filing of the notice in conjunction with other lawsuits filed by her, in which she seeks recognition of an alleged interest in certain property. Plaintiffs requested that a preliminary injunction issue during the pendency of their action for a permanent injunction.
A hearing was set for January 7, 1983. The hearing began on that date and was completed on January 21, 1983. The trial court rendered judgment in open court at the conclusion of the hearing, ordering the cancellation of the notice of lis pendens. A, written judgment was signed accordingly on January 24, 1983.
On February 22, 1983, defendant Ms. Ourso filed “Motion for a Suspensive and or in the Alternative a Devolutive Appeal.” The order of appeal was signed on that date. The order set bond in the amount of $250,000.00 for a suspensive appeal or according to law for a devolutive appeal. No bond was ever filed by defendant Ms. Our-so.
Plaintiff-appellees have filed a motion to dismiss Ms. Ourso’s appeal. Appellees argue that the appeal was not timely as it was taken from the granting of a preliminary injunction which under LSA-C.C.P. art. 3612 must be appealed within fifteen days from the date of the order or judgment.
However, the proceeding being one to obtain an order directed to H.M. “Mike” Cannon, Clerk of Court, to cancel the notice of lis pendens, regardless of how it was characterized, it was more nearly a proceeding to obtain a writ of mandamus than one to obtain a preliminary and permanent injunction. Under LSA-C.C.P. art. 3863 “[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, ...” Clearly plaintiffs-appellees brought the present action to compel Mr. Cannon to perform a ministerial duty, viz. to cancel the notice of lis pendens.
The decretal language of the judgment or order rendered January 21,1983, and signed January 24, furthermore reads as follows:
“IT IS ORDERED that the Honorable H.M. ‘Mike’ Cannon, Clerk of Court for the Parish of East Baton Rouge cancel and strike from the public records of this parish, the notice of lis pendens of this proceeding filed for registry on October *594 26, 1982, as Original 966, Bundle 9529 of the official records of the Parish of East Baton Rouge, the said notice thereafter being recorded in the Conveyance Book 2814, Folio 832 and Mortgage Book 3181, Folio 541.”
The language of the judgment or order reads like a judgment granting a writ of mandamus rather than a judgment granting a preliminary injunction as a public official is “ordered” to perform a ministerial act.
If the judgment is construed as having granted a preliminary injunction, it was necessary that an appeal be taken within fifteen days from the date of the order or judgment, as we have stated. LSA-C.C.P. art. 3612. However, if the appeal was taken from a judgment granting a writ of mandamus, then a devolutive appeal may be taken within 60 days, under the general rules governing devolutive appeals, which apply in the present case, there being no special rule governing the time for appealing the granting of a writ of mandamus. See LSA-C.C.P. art. 2087 for the delay for a devolutive appeal. Security for a devolu-tive appeal is no longer required. LSA-C. C.P. art. 2124.
Appeals are favored in law and aided by the courts. Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183 (La.1981). If the judgment is construed as a judgment granting a writ of mandamus, the appeal is timely, as a devolutive appeal, as it was taken within sixty days of date of judgment. As justice and law require that an appeal be permitted if the pleadings may be construed to permit the appeal, Traigle, supra, we find a timely devolutive appeal was perfected.
Clearly, the appeal cannot stand as a suspensive appeal, .because no bond was filed by appellants. However, as we stated, the Code of Civil Procedure no longer requires that a bond be filed for a devolutive appeal. LSA-C.C.P. art. 2124. The suspen-sive appeal must be dismissed, and the appeal treated as a devolutive appeal. See Succession of Buvens, 373 So.2d 750 (La.App. 3d Cir.1979).
The motion to dismiss is denied, and the appeal permitted as a devolutive appeal.
MOTION TO DISMISS DENIED.