440 So.2d 822 (1983)
Daniel R. WINTERROWD, Plaintiff-Appellee,
v.
The TRAVELERS INDEMNITY COMPANY, et al., Defendants-Appellants.
No. 15969-CA.
Court of Appeal of Louisiana, Second Circuit.
October 11, 1983.
*823 Gold, Little, Simon, Weems & Briser by Edward E. Rundell, Alexandria, for defendants-appellants.
Hargrove, Guyton, Ramey & Barlow by Billy R. Pesnell and Joseph L. Shea, Jr., Shreveport, for plaintiff-appellee.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
MARVIN, Judge.
In deciding this motion to dismiss, as untimely, a suspensive appeal by one of the defendants from a judgment in a personal injury action, we consider the effect of a motion for JNOV on the delays for appeal. CCP Art. 1810.1, now 1811.
Such a motion to dismiss questions the jurisdiction of the appellate court and may be raised at any time, whether by the appellee or by the appellate court on its own motion. Anderson v. City of Baton Rouge, 381 So.2d 842 (La.App. 1st Cir.1980). See also Peters v. Life General Security Insurance Co., 392 So.2d 1054 (La.1981).
After a jury verdict, a judgment for $400,000 was signed in favor of plaintiff and against Rheem Manufacturing Co., Burl M. Boswell, and Travelers Indemnity Company, in solido, on May 13. Boswell and Travelers timely perfected a suspensive appeal. On May 20, Rheem moved for JNOV and alternatively for a new trial. The minutes of the district court state that the motion for new trial was denied on May 31. A judgment which was signed on June 1 states that the motion for new trial and the motion for JNOV were denied.
On July 1, 1983, Rheem filed with the clerk of the district court a motion for a suspensive appeal and a suspensive appeal bond for $960,000 in proper form and by a surety whose solvency and competency are not questioned. The order granting the appeal was not signed by a judge, however, until July 5, 1983.
If we determine that the 30-day delay for suspensive appeal began to run on the first day after May 31, the day the court heard the post judgment motions and denied the motion for new trial, the last day for filing a suspensive appeal would have been June 30, the day before Rheem filed its motion for appeal. If we determine that the delay began to run on the first day after June 1 when the judgment denying both motions was signed, we must then determine whether the rule of CCP Art. 2161 and Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183 (La.1981) extends to the circumstances of this case. Traigle held that the filing of a motion for devolutive appeal with the clerk effected a timely appeal even though the order granting the appeal was untimely signed.
*824 CCP Art. 2123, which sets forth the delays for appealing, expressly provides for the effect of the filing of a motion for new trial on the delays. The Legislature did not make similar provisions for the effect of a motion for JNOV. It has been consistently held that a pronouncement or verbal ruling by the trial court denying a motion for new trial triggers the delays for appeal. The entry or signing of an order or judgment to that effect is not necessary. Boyd v. Fourchon, Inc., 408 So.2d 380 (La.App. 1st Cir. 1981); Reed's Elec. Co. v. Royal Furniture Co., etc., 401 So.2d 416 (La.App. 1st Cir. 1981) and cases cited therein. In this respect the appellee argues that a motion for JNOV affects appeals only if the motion is granted and that it is immaterial whether the motion for JNOV was denied on May 31 or on June 1 because the delays were triggered by the trial court's denial of the motion for new trial on May 31.
At this juncture we observe that the Federal Rules of Civil Procedure provide for the effect of the filing of a motion for JNOV on the delays for appeals in the federal courts. FRCP Rule 59(b), FRAP Rule 4(a)(4). Notwithstanding the Louisiana legislature's apparent oversight, we shall not further add to the incongruity presented by adopting appellee's position. That position would require either or both of the parties seeking or opposing a motion for JNOV to perfect an appeal while the motion was yet pending to avoid the expiration of the delays for appeal. Such a situation would pose serious questions because of the limitations on the jurisdiction of the trial court to rule on a JNOV after perfection of an appeal and as to whether the denial of JNOV would be an "appealable" judgment. See CCP Arts. 1841, 2083, 2088.
Because the legislature has pronounced a policy that favors the right to appeal and has provided that an appeal should not be dismissed unless deficiencies in perfecting the appeal are imputable to the appellant, we shall equate, at least with respect to the effect on the delay for appealing, the motion for JNOV with the motion for a new trial.
The record before us does not contain a transcript of the hearing on the motion for JNOV and the motion for new trial which was held on May 31. The trial court's minutes of that date show only that the court denied the motion for new trial, even though Rheem's motion sought a new trial in the alternative to JNOV. The first record disposition of the motion for JNOV before us is the signed judgment of June 1. Under these circumstances, we shall hold that the delay for suspensive appeal did not begin running until the day after the judgment was signed and did not expire until July 1. See Pepitone v. State Farm Mut. Auto. Ins., 365 So.2d 1195 (La.App. 4th Cir. 1979). We need not decide whether a signed judgment denying a motion for JNOV is necessary in all cases because here the signed judgment is the only disposition of the motion.
This holding does not answer whether or not the filing of the motion and the bond for suspensive appeal effected a timely appeal. In Traigle, supra, fn. 18, at p. 186, the court was quick to limit its holding to devolutive appeals because the motion for an appeal alone is not sufficient for the perfection of a suspensive appeal. When the judgment is for a sum of money, the amount of the bond for suspensive appeal is fixed by law. CCP Art. 2124. Here the suspensive appeal bond in proper form and amount was filed along with the motion for appeal with the clerk of court on July 1. The trial court did not have discretion in determining the amount of the bond. We see no reason why the Traigle ruling should not extend to these circumstances. As in the case of a devolutive appeal in Traigle, the clerk of court is responsible for receiving these pleadings and obtaining the judge's signature on the order for the appeal. CCP Art. 253. The delay in obtaining the signature on the order should not be imputable to the appellant. CCP Art. 2161. Traigle, supra.
At mover's cost, the motion to dismiss Rheem's suspensive appeal is denied.