506 So.2d 938 (1987)
HOSPITAL CORPORATION OF AMERICA, and HCA Health Services of Louisiana, Inc. d/b/a Hamilton Medical Center
v.
Sandra ROBINSON, M.D., Secretary Department of Health and Human Resources, Harvey J. Fitzgerald, Undersecretary Department of Health and Human Resources, and the Department of Health and Human Resources, State of Louisiana.
No. CA 87 0050.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Kathryn Lichtenberg, New Orleans, for plaintiff-appellee Hosp. Corp. of America, et al.
James A. Cobb, New Orleans, for intervenor-second appellant Lafayette General Hosp.
Bruce Waters, Baton Rouge, for defendant-appellant Sandra Robinson, M.D., et al.
*939 Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Appellee, Hospital Corporation of America (HCA), petitioned the district court for judicial review of an administrative decision rendered by the Department of Health and Human Resources. The trial court remanded the case to the administrative hearing officer for further review. Intervenor-Appellant, Lafayette General Hospital, devolutively appealed. HCA filed a motion to dismiss Lafayette General's appeal on the basis that the motion for appeal was untimely filed.
The pertinent dates are as follows:
August 25, 1986Hearing on HCA's petition. The matter was taken under advisement.
October 30, 1986Judgment rendered and signed. Notice of judgment mailed to the parties.
January 26, 1987Lafayette General's motion for appeal filed by clerk of court.
January 27, 1987Order for appeal signed by district judge.
Intervenor-Appellant contends: (1) the seven day delay granted by La.C.C.P. art. 1974 for applying for a new trial commenced on October 31, 1986, the day after the notice of judgment was mailed; (2) November 4, 1986 (Election Day) should be excluded from the calculation of the delay for applying for new trial because it is listed as a legal holiday in La.R.S. 1:55(B)(1); (3) November 8, 1986 (Saturday) and November 9, 1986 (Sunday), and November 11, 1986 (Veterans' Day) should be excluded in calculating the delay for applying for a new trial because they are also legal holidays; (4) the deadline for applying for a new trial was November 12, 1986; (5) the sixty days within which to devolutively appeal commenced on November 13, 1986 and ended on January 11, 1987, a Sunday; and (6) because the last day for appealing fell on Sunday, a legal holiday, the sixtieth day should also be excluded, by applying La.C.C.P. art. 5059, in determining the timeliness of the devolutive appeal under La.C.C.P. art. 2087(1). Intervenor-Appellant thus asks us to conclude that the delay for devolutively appealing expired on January 12, 1987 and that it timely appealed because on that date it "filed its petition [with the court] for appeal by mailing a copy, first-class postage, United States mail" and even though the "trial court did not sign the order or require the Clerk to file the petition until January 25 [sic], 1986 [sic] ... such delay cannot adversely affect or be imputed to intervenor[-appellant]."
Appellee, HCA, in its reply memorandum to intervenor-appellant's opposition memorandum, argues cogently and forcefully that "the date of [the] mailing [of the petition and order for appeal] has no effect whatsoever in determining when a motion for appeal is filed." HCA cites, in support of its position, La.C.C.P. art. 253 and Branighan v. Gaskin, 406 So.2d 766 (La.App. 4th Cir.1981).
La.C.C.P. art. 253 provides, in pertinent part, that:
All pleadings ... to be filed in an action or proceeding ... shall be delivered to the clerk of court for such purpose. The clerk shall endorse thereon the fact and date of filing, .... The endorsement of the fact and date of filing shall be made upon receipt of the pleadings ... by the clerk and shall be made without regard to whether there are orders in connection therewith to be signed by the court.
In Branighan the court rejected the appellant's argument that his appeal was "taken," within contemplation of La.C.C.P. art. 2121 by his mailing the motion for appeal on January 13, 1981, although it "was not filed until January 16," one day after the last day for taking the appeal. The court succinctly reasoned that
C.C.P. Art. 2121 provides that an appeal is taken by obtaining an order from the trial court "within the delay allowed." This necessarily requires that the motion or petition for appeal be filed within that delay. Art. 253 provides that all pleadings to be filed shall be delivered to the clerk of the court. It was thus incumbent upon appellant to insure that his motion for appeal be in *940 the hands of the clerk of court within the delay provided by Arts. 3942 and 3943, and he assumed the risk of a delay when he chose to send his motion by mail rather than to deliver it to the clerk of court.

406 So.2d at 766. (Emphasis supplied.)
In Box v. Athena, Inc., 312 So.2d 176 (La.App. 1st Cir.1975), we dismissed, as untimely, Athena's application for supervisory writs under former Rule XII, Section 2 of the Uniform Rules-Courts of Appeal (present Rule 4-3), rejecting Athena's contention that by depositing the application in the United States mail on the deadline for filing the application it had complied with the rule which stated, in part, that "any application not filed in this court within the time ... fixed or extended will not be considered unless the applicant establishes to the court's satisfaction that the delay in filing was not due to his fault." Judge Blanche, for the majority, reasoned, in part, that:
The words "filed in this court" are easily understood words and it would be a strange construction of those simple words to suppose that a filing in this court is constituted when the instrument is deposited in the United States mail. Elsewhere our rules do provide that ... when briefs ... or applications for rehearing ... are sent through the mail, the filing shall be timely when the postmark shows that the document was marked on or before the due date. We see no reason why a different rule should obtain for the filing of writs, but the simple fact remains that the rule does not so provide. Thus, if Relator chooses the mail as a means of transmitting its application for writs to this court, the duty was on Relator to insure that the same was deposited in the mail in order that it would reach the court for filing on or before the due date.

312 So.2d at 178. (Emphasis and elipsis supplied.)
After Box v. Athena, Inc. was decided, the rule interpreted was renumbered but not changed.
The "mail box" rule does not exist in Louisiana unless provided for by statute, rule or regulation. There is no "mail box" rule provided for in La.C.C.P. arts. 253, 2087 and 2121. It was incumbent upon intervenor-appellant to make sure that its petition and order for appeal be deposited "in the Clerk's office with instructions to file it ... to constitute a filing on the date of the deposit." Lambert v. Kelley, 270 So.2d 532, 534 (La.1972). "If the time fixed by law for appealing has elapsed, the ruling in question becomes final and is res judicata." La.C.C. art. 3556(31), Thomas v. Department of Corrections, 430 So.2d 1153, 1155 (La.App. 1st Cir.), writ denied, 435 So.2d 432 and 438 So.2d 566 (La.1983).
The burden of proof is upon appellant to show that the petition or motion for appeal was timely delivered to the clerk of court. McCoy v. National Convenience Stores, Inc., 427 So.2d 1226 (La.App. 2d Cir.), writ denied, 430 So.2d 80 (La.1983). Intervenor-appellant has not carried its burden of proof. The record reflects that the petition for appeal was stamped "filed" on January 26, 1987, several days too late.
Intervenor-appellant argues that appellee's motion to dismiss its appeal was untimely under La.C.C.P. art. 2161 because it was filed more than three days after the record was lodged in this court.
"An untimely appeal raises jurisdictional defects and an appeal may be dismissed at any time for lack of jurisdiction." Bargas v. Land, 457 So.2d 1278, 1280 (La. App. 1st Cir.1984); Thomas v. Department of Corrections, supra; La.C.C.P. art. 2162. Intervenor-appellant's argument is without merit. Appellate courts can, and frequently do, raise the issue of untimeliness of appeals ex proprio motu, and when so noticed, we issue a show cause order to appellant who is given the opportunity to file a brief in support of the appeal.
For the foregoing reasons, the devolutive appeal of intervenor-appellant, Lafayette General Hospital, is dismissed at its costs. La.C.C.P. art. 2164.
APPEAL DISMISSED.