ALFORD, Judge.
Plaintiffs-appellees, Mary Margaret Perkins and Mack Perkins, have filed a motion to dismiss the suspensive appeal of defendant-appellant, Shelter Insurance Companies, on the grounds the suspensive appeal bond was not timely filed.
The pertinent facts are as follows:
*740 July 2, 1987 — Trial court rendered in favor of plaintiffs in the amount of $81,207.17.
July 13, 1987 — Defendant filed a timely motion for new trial.
October 14, 1987 — Trial court denied defendant’s motion for new trial.
November 13, 1987 — Defendants filed a timely motion and order for sus-pensive appeal and a sus-pensive appeal bond in the amount of $174,-189.36.
An appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of the denial of a timely application for new trial. La. Code Civ.P. art. 2123. Assuming the thirty day appeal delay expired on November 13, 1987, defendant-appellant’s motion and order for appeal and suspensive appeal bond, which were filed on November 13, 1987, were timely.[1] The fact the trial court did not sign the motion and order for appeal or set the appeal bond within the delays is not determinative. See Winterrowd v. Travelers Indemnity Co., 440 So. 2d 822 (La.App.2d Cir.1983); writ denied, 457 So.2d 1195 (La.1984).
For the above reasons, the motion to dismiss is denied.
MOTION DENIED.

. We are aware the appeal delays could extend beyond November 13, 1987, if appellant was entitled to notice of the judgment denying the motion for new trial. La. Code Civ.P. arts. 1914 and 2123. We have not addressed this issue because, even assuming appellant was not entitled to notice and therefore has the minimum number of days for delay, the motion and order for appeal and the bond were timely filed.