ELLIS, Judge.
Judgment herein in favor of defendant was signed on November 21, 1967, and notice of judgment mailed out the same day. A devolutive appeal was granted plaintiff by order signed on February 20, 1968, and the appeal bond filed on February 23, 1968. The order of appeal was not filed in the record until March 5, 1968.
The motion to dismiss is based on the fact that the order of appeal, which was timely signed, was not filed until after the delay for appeal had run. It is undisputed that the bond was timely filed.
The applicable provisions of the Code of Civil Procedure read as follows:
Article 2088. “The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal.”
Article 2121. “An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.
“An order of appeal may be granted on oral motion in open court, on written motion, or on petition.”
From the above, it can be seen that, although the timely filing of the bond is sacramental, it is the granting of the order of appeal, within the legal delays, which initiates the appeal proce *339 dure. We do not believe that the failure of the appellant to file the order of appeal, which has been timely obtained, can have the effect of invalidating the appeal, so long as the bond is timely filed, and the order of appeal is eventually filed in the record.
The ¿notion to dismiss the appeal is therefore denied, at mover’s cost.