ON MOTION TO DISMISS
DOMENGEAUX, Judge.
This matter is before us on motion by original plaintiff in the court below to dismiss an appeal from the First City Court of the City of New Orleans.
The litigation is based on contract, and plaintiff-mover was granted judgment in the amount of $1,000.00, with interest and attorney’s fees. The judgment was rendered and signed on May 16, 1969. Defendant requested and secured a motion and order for a devolutive appeal on May 26, 1969, the trial judge having fixed the return date for July 25, 1969, and further fixed the amount of bond. The record shows that the order of appeal, although timely signed on May 25, 1969, was not filed until July 25, 1969. Likewise the appeal bond which was dated July 22, 1969, was not filed until July 25, 1969. Presumably, counsel for defendant was concerned about the size of the bond fixed by the trial judge inasmuch as the record indicates that he wrote the trial judge a letter on June 9, 1969 expressing consternation as to the size of the bond and asking the trial judge to let him know whether he would reduce the bond voluntarily. The record is devoid of any response in that regard. The record further contains an extension of the return date for filing of transcript until August 25, 1969, said extension being dated July 25, 1969 and was granted upon the application of the clerk of the trial court.
Plaintiff-mover suggests that defendant’s appeal should be dismissed for the reason that the appeal and appeal bond were not timely filed within the time prescribed by law and more particularly within the time prescribed under LSA-C.C.P. art. 5002. Respondent on the other hand takes the position that his motion and order for appeal was applied for within 10 days after the expiration of the delays for applying for a new trial under the applicable provisions of the aforementioned article 5002 and that the appeal bond was filed within the delay granted by the court.
The significant and statutory provisions are contained in Title III of Book VII of the Code of Civil Procedure which applies to the procedure to be followed in all city courts in cases involving more than $100.00. LSA-C.C.P. arts. 5001 and 5002 are quoted as follows:
“Art. 5001. Procedure
“Except as otherwise provided in Article 5002, the procedure in a civil case in a city court of which a justice of the peace does not have concurrent jurisdiction is the same as that provided by law for a civil case in the district court of the parish in which the municipality is situated.”
“Art. 5002. Delays for answering; incorporation of exceptions in answer; prior default unnecessary; notice of judgment; new trial; appeals
“The delay for answering shall be stated in the citation. This delay shall be five days, exclusive of legal holidays, *357 after service of citation on the defendant, except when the citation is served on a defendant through the Secretary of State, in which event this delay shall be fifteen days after such service as to all defendants.
“A defendant shall incorporate in his answer all the exceptions on which he intends to rely. No prior default is necessary, and judgment may be rendered as provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall be five days, exclusive of legal holidays.
“A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary.
“A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delays for applying for a new trial, or within ten days of the denial of a new trial.
“The suspensive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a suspensive appeal. As amended Acts 1966, No. 36, § 1.”
At the outset, it is well to state that the appellate courts acquire jurisdiction only where an order of appeal has been signed and security furnished within the time prescribed by law. See Thomas v. Reliance Insurance Company, La.App., 215 So.2d 515; Britt v. Brocato, La.App., 170 So.2d 516; Blanks v. S. H. Kress Company, La.App., 204 So.2d 722; Geishenheimer Realty Co. v. Board of Commissioners, La. App., 204 So.2d 628; Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79, and also LSA-C.C.P. art. 2088.
 Obviously, defendant in this case requested and was granted a devolutive appeal within 10 days after the expiration of the delay for applying for a new trial as is set out in LSA-C.C.P. art. 5002. The failure of the defendant-appellant to file the order of appeal which was timely obtained cannot have the effect of invalidating the appeal so long as the bond is timely filed and the order of appeal is eventually filed in the record. This conclusion is drawn by a perusal of LSA-C.C.P. arts. 2088 and 2121, both of which refer to general appellate procedure. From these articles it can be readily seen that although the timely filing of the appeal bond is sacramental, it is the granting of the order of appeal within the legal delays which initiates the appeal procedure. See Owens v. AAA Contracting Company, La.App., 213 So.2d 338.
From the above, therefore, we conclude that even though the order of appeal in this case was not filed within the 10 day period referred to in LSA-C.C.P. art. 5002, nevertheless, it was obtained within the delay allowed under said article, thereby complying with the requirements of LSA-C.C.P. arts. 2088 and 2121.
Of more serious import is the fact that the required devolutive appeal bond was not filed until July 25, 1969.
As well as we can determine, since the enactment of the Code of Civil Procedure, the question of the time limit for filing of bond in case of a devolutive appeal from a City Court in cases involving more than $100.00, has not been passed upon by our appellate courts.
We know that prior to January 1, 1961 and under the provisions of Act 219 of 1932, LSA-R.S. 13:1971, pertaining to City Courts in the City of New Orleans, in cases exceeding $100.00, the time for filing of bond under a suspensive and devolutive appeal was definitely set out, as follows:
“ * * * Appeals shall be allowed within ten days, exclusive of Sundays, from the signing of the judgment, on giving bond, according to law, in a sum exceeding by one-half the amount of mon *358 ey judgments, in case of suspensive appeal, and in a sum to be fixed by the judge, in case of devolutive appeal, and other than money judgment. * * *” (Emphasis- added)
It was -then clear by that statute and under the jurisprudence, that the bond, not only in cases of a suspensive appeal, but also at the instance of a devolutive appeal, must have been furnished and filed within the referred to 10 day period. See Montaldo Ins. Agency v. Bonck, La.App., 43 So.2d 555; Calvert Fire Insurance Company v. Jones, La.App., 93 So.2d 44; Chariot v. Louisiana Life Insurance Company, La.App., 97 So.2d 501. This statute was repealed by Act 32 of 1960 effective January 1, 1961 and the new Code of Civil Procedure was enacted by Act No. 15 of 1960, also effective January 1, 1961. LSA-C. C.P. art. 5002, pertaining (as aforesaid) to all City Courts in Louisiana in cases involving more than $100.00, sets out the delays for the granting of both a devolutive or suspensive appeal to be within 10 days after the expiration of the delays for applying for a new trial, or within 10 days of the denial of a new trial, but said article in referring to the suspensive appeal bond provides explicitly that such bond must be filed within 10 days of the expiration of the time for seeking a new trial or within 10 days of the denial of a new trial, but is silent as to the delays allowed for the filing of the bond in case of a devolu-tive appeal. Such being the case we believe that the time allowed for the filing of a suspensive appeal bond in said article is not applicable in the case of a devolutive appeal bond under the rule “inclusio unius est exclusio alterius.” This rule is one of statutory construction and is applicable in this case inasmuch as we are concerned herein with construction and interpretation of a statute and not with substantive law. See City of Shreveport v. Price, 142 La. 936, 77 So. 883; Garrison v. City of Shreveport, 179 La. 605, 154 So. 622.
In view of this exclusionary situation we must find solace in LSA-C.C.P. art. 5001 quoted hereinabove, which provides that the procedure in City Courts in cases over $100.00 shall be the same as that in civil cases in the district court of the parish in which the City Court is located except as set forth in article 5002.
Therefore since no time limit is prescribed in article 5002, we are relegated to LSA-C.C.P. art. 2087 found in the general dispositions articles concerning appellate procedure. The latter article sets out the delay for the taking of a devolutive appeal and is quoted as follows:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
“When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any other appellee, may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first paragraph of this article, or within ten days of the granting of the first devolutive appeal in the case, whichever is later. As amended Acts 1962, No. 92, § 1.”
Therefore, in view of the failure of LSA-C.C.P. art. 5002 to set forth a *359 time limitation for the filing of a devolu-tive appeal bond, and by applying LSA-C.C.P. art. 5001, as aforesaid, which in effect relegates us to LSA-C.C.P. art. 2087, we must conclude that an appellant, in City Court cases involving more than $100.00, has 90 days from the appropriate times prescribed in article 2087 within which to file a devolutive appeal bond. Since the defendant filed his bond within this 90 day period, his appeal was properly perfected.
For the reasons hereinabove set out, we conclude that defendant-appellant’s appeal was well and timely taken and properly perfected and therefore plaintiff-mover’s motion to dismiss the appeal is denied at his cost.
Motion denied.