TUCKER, Judge.
ON MOTION TO DISMISS APPEAL
The defendant-appellee, State Department of Hospitals, has moved to dismiss this appeal on the ground that the plaintiff-appellant, JOSEPH L. CALVIN, failed to perfect his appeal by timely filing bond for costs in favor of the State- Civil Service Commission under Sec. 4 of Rule XVI, Uniform Rules of the Courts of Appeal.
The appellee’s position is correct, and the appellant’s oversight is fatal to his right of review.
Although appellant admits his failure to file the bond within the time prescribed by law, he contends that this late filing should not defeat his appeal, because the main purpose of the bond for costs in the sum of $100.00 is to protect the Commission against the expense of filing the transcript of appeal, and that the late filing of the bond meets this condition and will save the Commission from the expense in case the appellant is unsuccessful in his appeal. He summarizes his position by substantially stating that the late- filing of the bond should not preclude appellant’s being heard on the merits of the appeal since the bond, though late, has now been filed, and will serve the purposes for which the bond is designed.
In order to buttress his contention appellant refers to the old Code of Practice Art. 593 which permitted a delay of one year from the finality of a judgment within which time an appeal could be prosecuted. Without legal or jurisprudential support he rationalizes that the “harsh” rule encompassed in said Art. 593 about the timely filing of an appeal bond only applied to a situation where an appeal could be prosecuted within one year from the finality of a judgment, and not to the present situation where the period of appeal is a mere thirty days. He cites Martin v. Martin, 228 So.2d 355 (La.App., 4th Cir. 1969) in support thereof.
*749 La.Const. Art. 14, Sec. 15(0) (1) sets forth the time period of thirty days within which an appeal will lie from a final decision of the Civil Service Commission. The same constitutional article provides that the appellate courts shall make rules of procedure in connection with such appeals.
Sec. 4 of Rule XVI, Uniform Rules of the Court of Appeal is quoted as follows:
“Every appellant shall file with his application for an appeal a bond for costs in the sum of one hundred dollars ($100.00) in favor of the Commission.” (Emphasis supplied)
The appellant admits that he did not comply with this requirement, but he urges that the defect is only procedural and not jurisdictional in character, and, therefore, this failure is not fatal to his appeal in view of the tendencies of the lawmakers at the present time to minimize technicalities in favor of appeals being heard on the merits.
The legal principle that court rules have the same binding effect, validity and authority as laws is recognized by respective counsel. See Brumfield v. Brumfield, 178 So.2d 379 (La.App. 1st Cir. 1965).
Appellant’s premise that failure to file his appeal bond within the time limit of thirty days from the finality of the Civil Service Commission decision is only procedural and not jurisdictional is at odds with the holding in Dezendorf v. Allstate Insurance Company, 247 So.2d 201 (La.App. 1st Cir. 1971), in which we stated that appellate jurisdiction is not acquired when the appeal bond is filed after the prescribed time has elapsed.
Unquestionably, the matter of fixing the prescribed time within which an appeal bond must be filed has a procedural aspect and connotation, but also it is directly concerned with appellate jurisdiction. Appellant’s failure to file his appeal bond within the time prescribed by Sec. 4 of Rule XVI, Uniform Rules of the Courts of Appeal, strikes at the foundation of the appellate process, and this defect could not be cured by the subsequent filing. Therefore this court did not obtain appellate jurisdiction of this appeal.
We also note that the record reflects that the ruling of the Civil Service Commission was filed on May 5, 1971, and that the appeal bond was not filed until August 5, 1971, which date was in excess of ninety days from the date that the ruling of the Commission became final. Even under the provisions of C.C.P. Art. 2087, which incorporates the general disposition rules with respect to appeals and provides that security for an appeal shall be furnished within ninety days, the appellant is miscreant, and his appeal would fall under the general law.
The case of Martin v. Martin, supra, gives the appellant no surcease as this cited case specifically holds that the timely filing of an appeal bond is sacramental to the appeal.
In view of the foregoing analysis we are not called upon to determine whether proceeding in forma pauperis under the terms of C.C.P. Art. 5183 is permitted where hearings and decisions of administrative bodies are involved. We do note, however, that appellant’s attempt to convert the proceedings into pauper litigation arose after the time for taking an appeal had elapsed.
The motion to dismiss the appeal is sustained at appellant’s costs.
Appeal dismissed.