REDMANN, Judge.
On our motion we dismiss a wife’s appeal seeking increase in alimony because we lack “jurisdiction,” C.C.P. 2088; Malone v. Malone, La.1973, 282 So.2d 119. Appellant filed neither bond nor motion to proceed in forma pauperis within the 30 days of C.C.P. 3943.
Appellant asserts that she mailed her forma pauperis motion to the trial judge on the day before the 30th day and argues that it presumably was received on the 30th day. Had it been properly and timely presented, the judge’s failure to timely sign it would not defeat the appeal; Graves v. Kaiser Alum. & Chem. Corp., La.1975, 319 So.2d 323.
However, appellant asserts that she mailed the notice to the judge, rather than to the clerk of court. The judge did not sign the order until the 34th day and on that day the motion and order was stamped as filed in the clerk’s office.
C.C.P. 253 requires that documents to be filed in an action “shall be delivered to the clerk of the court for such purpose.” Although we might question Johnson v. State Farm Mut. A. Ins. Co., La.App. 3 Cir. 1970, 241 So.2d 799, we agree that, under ordinary circumstances, delivering the document to the judge does not constitute filing. Thus the motion for forma pauperis authority was not timely filed.
Appeal dismissed.