LOTTINGER, Judge.
ON MOTION TO DISMISS
This Court ex proprio motu issued a show cause order on April 5, 1978, as to why this appeal should not be dismissed for the un *233 timely filing of a motion to appeal in a forma pauperis proceeding.
The record reveals the following chronology of events, to wit:
April 20, 1977 minute entry:
“Whereupon, for oral reasons assigned, judgment was rendered in favor of defendants and against the plaintiff dismissing plaintiff’s suit. Plaintiff at this time informed the Court of his intention to appeal this case and permission was granted by the Court to continue in for-ma pauperis as filed herein”;
May 3, 1977: Judgment was signed and filed dismissing plaintiff’s suit;
May 3, 1977: Motion for a new trial was filed by the plaintiff and the minute entry for the same date provides:
“Assigned for hearing on motion for new trial filed on behalf of plaintiff for Friday, May 20, 1977 at 11:00 A.M.”;
May 3,1977: An instrument was filed by the plaintiff entitled “Notice of appeal and request to proceed in forma pauperis and motion for leave to proceed on appeal on type written forms”, [There is no order in the record, either signed or oral, granting an appeal or fixing a return date];
May 27, 1977: Motion for new trial was heard and denied. [No request for notice of the denial of the motion for new trial is found in the record pursuant to LSA-C.C.P. arts. 1913 and 1974];
November 7, 1977: Judgment was signed denying a new trial; and
January 23, 1978: Motion filed by plaintiff for a belated appeal with a minuté entry granting the appeal and fixing the return date.
Since judgment was rendered on May 27, 1977, denying a new trial and no request for notification of this judgment was made pursuant to LSA-C.C.P. arts. 1913 and 1974, the time within which to perfect an appeal commenced to run on May 28, 1977, and ended on July 26, 1977. LSA-C.C.P. art. 2087. Therefore, unless the appeal was perfected on or before July 26, 1977, the motion filed on January 23,1978 requesting a belated appeal must be denied and the appeal dismissed.
The record is unclear, but apparently the plaintiff expressed his intentions to file a motion to appeal following the trial judge’s oral reasons for judgment, and at that time plaintiff was granted the right to proceed in forma pauperis. As we pointed out above, there was no order from the court at that time granting an appeal or fixing a return date.
Appeals are favored and will be maintained unless legal grounds for dismissal are clearly shown. Davidge v. Magliola, 346 So.2d 177 (La.1977).
An appeal is taken by obtaining an order, within the delay allowed, from the court which rendered the judgment. This order of appeal may be granted on oral motion in open court, on written motion, or on petition, and it shall show the return day and provide the amount of security to be furnished. LSA-C.C.P. art. 2121.
In Malbrough v. Kiff, 312 So.2d 915 (La.App. 1st Cir. 1975), this Court held that an appeal is taken from a final judgment, and thus, it must be requested subsequent to the signing of that judgment. Therefore, conceding arguendo that the notice of intention to appeal expressed by the plaintiff in open court on April 20, 1977, after the trial judge had rendered his decision dismissing plaintiff’s suit, could be construed to be a motion of appeal, though we find no order granting the appeal or fixing the return date, under Malbrough v. Kiff, supra, we would dismiss the appeal inasmuch as the order of appeal would have been granted prior to the signing of the judgment.
Additionally, we do not find in conjunction with the instrument filed on May 3, 1977, entitled “notice of appeal” any order granting the appeal or fixing the return date. Thus, under LSA-C.C.P. art. 2121, we do not find that any order of appeal was granted prior to July 26, 1977.
Lastly, the only motion to appeal in the record wherein an order of appeal was granted and the return date fixed, was filed *234 on January 23, 1978, long after the appeal period had expired.
We dismiss any argument that an order by the court granting the plaintiff the right to appeal in forma pauperis is an order granting the motion to appeal. Davis v. Funderburk, 274 So.2d 781 (La.App. 3rd Cir. 1973).
Though we realize that the plaintiff-appellant is an inmate at Angola State Penitentiary proceeding in proper person and in forma pauperis, we do not find this any justification to disregard the application of the rules peculiar to the perfection of appeals as established by the legislature and the jurisprudence. To recognize an exception merely invites the opening of the proverbial floodgate and subverts the orderly process that has been established.
Therefore, for the above and foregoing reasons this appeal is dismissed.
APPEAL DISMISSED.