LEAR, Judge.
ON THE SHOW CAUSE ORDER
This court, ex proprio motu, issued a show cause order on May 1,1981, as to why this appeal should not be dismissed for untimely filing.
The following is a chronology of the relevant events in this domestic relations case:
October 27, 1980: Matter tried and taken under advisement
*824 November 4, 1980: Letter sent from plaintiff to Judge Paul R. Wimbish
December 3, 1980: Judgment of separation signed
December 8, 1980: Notice of judgment mailed to plaintiff’s then counsel of record
January 5, 1981: Motion to withdraw filed by plaintiff’s then counsel of record
March 9, 1981: Motion for new trial filed by plaintiff, in proper person
March 10, 1981: Motion for new trial denied as untimely and notice of denial mailed to plaintiff
March 16, 1981: Motion for appeal filed by plaintiff
March 19, 1981: Order granting appeal signed
Articles 3942 and 3943 of the Code of Civil Procedure clearly provide that an appeal from the trial court’s judgment in this case must be taken within thirty days from the applicable date provided in article 2087 of the Code of Civil Procedure. The delay for applying for a new trial is seven days, exclusive of legal holidays. La.C.C.P. art. 1974. Plaintiff’s motion for a new trial of the December 3, 1980, judgment, filed on March 9, 1981, was untimely. The thirty day delay for appeal, which began to run seven judicial days after the notice of judgment was mailed, had clearly expired when plaintiff’s petition and order for appeal was filed on March 16,1981. Under the normal application of these procedural articles, plaintiff’s appeal is untimely and should be dismissed.
Plaintiff contends, however, that notice of the signing of the December 3, 1980, judgment was not properly sent, because it was mailed to her attorney rather than to herself. Plaintiff bases this contention on her letter of November 4, 1980, to the trial judge, informing him that her attorney had withdrawn.
Louisiana Code of Civil Procedure, art. 253, provides that:
“All pleadings or documents to be filed in an action or proceeding instituted or pending in a court . . . shall be delivered to the clerk of the court for such purpose.”
We find that plaintiff’s November 4, 1980, letter, sent to the trial judge rather than filed in the record with the clerk of court, does not constitute sufficient notice to the court as to plaintiff’s attorney’s withdrawal, nor as to any change in the identity of the person to receive notice of the signing of the judgment. See Oubre v. Oubre, 338 So.2d 788 (La.App. 4th Cir., 1976). The fact that plaintiff was proceeding in proper person does not excuse her from complying with the applicable procedural provisions. Foster v. State, Department of Corrections, 361 So.2d 232 (La.App. 1st Cir., 1978). Thus, we believe that the notice of the signing of the December 3, 1980, judgment was properly sent, and plaintiff’s delays for applying for a new trial and/or appeal began to run on the day after the mailing of the notice of judgment.
For the above reasons, we find that plaintiff’s motion for a new trial was untimely filed, as was her petition and order for appeal. Plaintiff’s appeal is, therefore, dismissed ex proprio motu. All costs of this appeal are to be paid by appellant.
APPEAL DISMISSED.