CRAIN, Judge.
Defendants primarily contend this appeal should be dismissed because plaintiff failed to file into the record the order granting his motion for appeal until after the appeal delay had expired. They also urge dismissal of the appeal on the grounds they were not notified of the appeal until after the expiration of the delay.
Louisiana Code of Civil Procedure Article 2121 provides an appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment. In the present case, plaintiff obtained an order of appeal within the devolutive appeal delay but did not file the order in the record until fifteen days after the delay expired. Defendants did not receive notice of plaintiff’s appeal until after the order was filed. They argue the delay in filing the order of appeal and in sending the notice of appeal constitutes fault imputable to the appellant under Louisiana Code of Civil Procedure Article 2161. They contend the appeal should therefore be dismissed. However, as long as the order of appeal is timely obtained (i.e., signed), it cannot be invalidated by the failure to timely file it as long as it is eventually filed in the record. Acadian Heritage Realty v. City of Lafayette, 451 So.2d 17 (La.App. 3d Cir.), writs denied 452 So.2d 696, 697 (La.1984); Owens v. AAA Contracting Company, 213 So.2d 338 (La.App. 1st Cir.1968).
Furthermore, defendants received notice of the appeal prior to the expiration of the time limit for answering the appeal, and they have not been prejudiced by the delay. See La.Code Civ.P. art. 2133. Louisiana Code of Civil Procedure Article 2121 provides that the failure to send notice of the appeal does not affect the validity of the appeal. See also Guiffre v. Montgomery Ward & Co., 236 So.2d 66 (La.App. 3d Cir.1970).
For these reasons, the motion to dismiss the appeal is denied at the cost of defendants-appellees.