NORRIS, Judge.
Plaintiffs, Betty and Chester Hough, appeal a jury verdict in their favor against Brookshire Grocery Company d/b/a Super One (“Super One”) and its insurer North-brook Insurance Company. Plaintiffs also appeal the trial court’s denial of their motions for judgment notwithstanding the verdict, for new trial, and for additur. For *589 the reasons expressed, we dismiss this appeal as untimely.
FACTS
On March 27, 1989, plaintiffs filed suit against Super One, seeking damages for injuries sustained by Mrs. Hough when several boxes of salad dressing fell from a grocery shelf onto her head. As a result of this accident, Mrs. Hough allegedly suffered severe and permanent brain damage, weakness on the left side of her face, severe headaches, nerve hearing loss, and post traumatic tinnitus (ringing of the ears). Mr. Hough filed a loss of consortium claim.
On September 27, 1989, Judge Boddie entered a partial summary judgment in favor of plaintiffs on the issue of liability, reserving the issue of damages for trial on the merits. The damages issue was tried before a jury in a five-day trial, concluding on November 1, 1991. The jury awarded $101,300.00 for the injuries sustained by Mrs. Hough and $6,200.00 for Mr. Hough’s loss of consortium claim. Judgment on the merits was signed by Judge Joiner on November 14, 1991.
On November 25, 1991, plaintiffs, unsatisfied with the amount of damages awarded by the jury, filed alternative motions for judgment notwithstanding the verdict, for new trial, and for additur. The minutes of the trial court, corrected by order of this court, reflect that on January 29, 1992 the motions for JNOV and for new trial were denied by Judge Joiner in open court with attorneys for the parties present.[1] Written judgment denying the motions was entered on March 20,1992; notice of that judgment was mailed to the parties on the same date.
Plaintiffs sought a devolutive appeal from both the November 14, 1991 judgment, reflecting the jury’s assessment of damages, and the March 20, 1992 judgment, denying their post trial motions. However, the order for appeal was not signed by Judge Joiner until March 31, 1992 and was not filed with the clerk of court until April 1,1992. For the following reasons, plaintiffs’ appeal is dismissed as untimely.
DISCUSSION
Although appeals are favored in the law, an appellant’s failure to file a devolutive appeal timely is a jurisdictional defect. Neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise or modify a final judgment after the time for filing a devolutive appeal has elapsed. La.C.C.P. art. 2088; La.C.C. art. 3506(31); Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191 (La.1991). Thus, when an appellant fails to file timely a devolutive appeal from a final judgment, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. Id. In the instant case, since the appellants’ appeal order was neither timely filed with the clerk of court nor timely signed by the trial judge, their appeal must be dismissed as untimely.
The trial court’s March 20, 1992 judgment, denying plaintiffs’ motions for new trial and for JNOV, is an interlocutory judgment. See Holloway v. Gulf Motors, Inc., 566 So.2d 1068 (La.App. 2d Cir.1990) and 588 So.2d 1322 (La.App. 2d Cir.1991); Regan v. Bandeaux, 532 So.2d 418 (La. App. 3d Cir.1988). An appeal may be taken from an interlocutory judgment only if the judgment may cause irreparable injury. La.C.C.P. 2083; Women’s Clinic v. Watson, 550 So.2d 864 (La.App. 2d Cir.1989). There is irreparable injury in the context of article 2083 where the error sought to be corrected on the appeal from the interlocutory judgment cannot, as a practical matter, be corrected on appeal following determination of the merits. Brown v. New Orleans Public Serv., 490 So.2d 271 (La. *590 1986); Women’s Clinic v. Watson, supra; Spencer v. U.S. Fidelity and Guar. Co., 454 So.2d 340 (La.App. 4th Cir.1984).
In the instant case, the alleged error in the court’s March 20, 1992 interlocutory judgment could be corrected on appeal from the court’s November 14, 1991 judgment on the merits. Indeed, plaintiffs ultimately allege the identical error in both judgments, insufficient damages. Hence, the interlocutory judgment is not appeal-able; the only appealable judgment in this case is the judgment signed by the trial court on November 14, 1991. Following that judgment, plaintiffs timely filed motions for JNOV or alternatively for additur or new trial on November 25, 1991. The transcript reflects that the trial court denied “these motions that you’ve filed.” The corrected court minutes do not specifically mention the additur but do reflect that the trial court denied the motions for JNOY and new trial in open court with all counsel present on January 29, 1992. Thus, the 60-day delay for lodging a devol-utive appeal began to run on January 30, 1992 and expired on March 30, 1992. See C.C.P. arts. 1974, 2087.
Plaintiffs first argue that the delay period for filing an appeal did not begin to run until March 20, 1992, when the trial judge signed the judgment denying the post trial motions and mailed notice of its denial to the parties. This assertion is based upon a faulty application of La. C.C.P. art. 1914. According to its own terms, article 1914 extends the delay for appealing until date of notice only “[wjhen a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered[.]” However, when the case is not taken under advisement, the parties are not entitled to notice under article 1914, and the delay for appeal begins to run from the date of “the court’s refusal to grant a timely application for a new trial[.]” La.C.C.P. art. 2087; Ducote v. Smith, 527 So.2d 75 (La.App. 3d Cir.1988).
In the instant case, the court did not take plaintiffs’ post trial motions under advisement, but ruled on them in open court before counsel on January 29, 1992. Thus, the parties were not entitled to article 1914 notice; the 60-day delay period for filing a devolutive appeal began to run on January 30, 1992 and expired on March 30, 1992, one day before the appeal order was signed by the judge and two days before it was filed with the clerk of court.
The plaintiffs also argue the appeal is timely because of the unique circumstances of the case. They have introduced affidavits signed by their counsel Neal Johnson and his secretary Lily Gresham, respectively, representing that on the morning of March 30, 1992, Ms. Gresham typed the appeal order, obtained counsel’s signature, and brought the order to the receptionist for the district judges for the Fourth Judicial District Court, Parish of Ouachita. Plaintiffs also submit a computer data sheet with the entry “APPEAL 4,454 03-30-92 7:14a,” purportedly showing that the appeal order was indeed typed on the morning of March 30, 1992. Plaintiffs assert that by leaving the appeal order with the receptionist, they timely placed the order with a representative of the court, and the trial judge’s failure to sign the order until the following day is an error that should not be imputable to them.
In support of their position, plaintiffs cite Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183 (La.1981). In Traigle, the supreme court held that a timely filed de-volutive appeal could not be dismissed merely because the trial judge failed to sign the appeal order within the 60-day delay period. The court reasoned that the signing of a devolutive appeal order had become a mere formality since article 2124, as amended, no longer required the trial court to fix an appeal bond in such cases. However, the court’s holding was premised upon the fact that the motion and order of appeal had been timely filed with the clerk of court:
The trial judge is not the only individual who can grant an order of appeal. In all parishes but Orleans, the clerk of court, and his chief deputy clerk, are *591 authorized by LSA-C.C.P. art. 282 to grant appeals.
When an appellant timely files an order of appeal with the clerk of court, he has delivered it to a public official who has a duty to obtain the judge’s signature thereon or sign it himself. When a timely filed order of appeal is not signed during the delay period, this is not a fault or defect imputable to the appellant.
Id. at 186 (footnote omitted); La.C.C.P. art. 283. The court explicitly relied upon La. C.C.P. art. 253 which requires that all pleadings filed in an action be delivered to the clerk of court who shall retain possession of them. In this respect, the court specifically stated:
The clerk is required by law to retain possession of a motion and order for appeal. This requirement deprives an appellant of any absolute right to personally deliver his order to the trial judge for signature.
Id. (footnote omitted). See also L’Enfant, Developments in the Law, Louisiana Civil Procedure, 1980-1981, 42 La.L.Rev. 688-90 (1982).
Relying upon Traigle, plaintiffs evidently equate the clerk of court in that case with the judges’ receptionist in the instant case. Such an equation cannot be supported. As noted by the court in Traigle, the clerk of court is a public official required by law to retain possession of a motion and order for appeal. The clerk has the duty to secure the judge’s signature on the appeal order or to sign it himself pursuant to his explicit authority to grant appeals. Hence, when the clerk fails to secure such a signature on a timely filed appeal order, this error cannot be attributed to the appellant. We cannot say the same of an appellant who leaves an unfiled appeal order with a receptionist on the last day of the appeal delay period. We know of no authority, statutory or otherwise, to suggest that a receptionist has a legal duty to secure a judge’s signature on an appeal order; certainly, a receptionist has no authority to sign the order herself.
This court has previously refused to extend the rule set out in Traigle. In McCoy v. National Convenience Stores, Inc., 427 So.2d 1226 (La.App.2d Cir.), writ denied 430 So.2d 80 (1983), the appellant allegedly mailed a motion and order for appeal to the clerk of court’s office three days prior to the expiration of the appeal delay period. However, the order was neither filed nor signed until two days after the delay period had expired. We held that when an appellant seeks to prevent his appeal from being dismissed for failure of the trial judge to sign the order within the delay period, “the burden of proof is upon the appellant to show that the motion and order was in fact timely delivered to the Clerk.” Id. at 1227 (emphasis added). The appellant’s assertion that he had mailed the motion and order for appeal three days prior to the end of the delay period, coupled with the submission of an envelope postmarked on that date in which he allegedly mailed copies of the motion to his client, was insufficient proof that the motion and order had actually been delivered to the clerk of court prior to the expiration of the appeal delay period. Thus, we dismissed the appeal.
Given the Houghs’ exclusive reliance upon their delivery of the order to a court receptionist and their failure to prove, or even allege, that the order for appeal was timely filed with the clerk of court, we conclude that plaintiffs have failed to meet their burden of proof, and this appeal must be dismissed. Although appeals are favored in the law and aided by the courts, Traigle supra, where an appellant leaves an unfiled appeal order with a court receptionist on the last day of the appeal delay period and that order is neither timely signed nor timely filed, this error must be imputed to the appellant.
The circumstances of this case resemble those in Oubre v. Oubre, 338 So.2d 788 (La.App. 4th Cir.1976). In Oubre, the appellant alleged that she delivered a forma pauperis motion for appeal to the district judge within the delay for appeal; she had mailed it directly to the judge and presumed that he received it before the delay expired. However, the motion was neither signed by the judge nor filed with the clerk *592 of court until four days after the appeal delay had expired. The court of appeal, apparently assuming that the trial judge had timely received the motion, nevertheless held that delivery of the document to the judge does not constitute filing. Thus, the court dismissed the appeal.
In support of their contention that this appeal is timely, the plaintiffs present the affidavits of their attorney and his secretary, along with a computer data sheet, which purportedly show that the order was prepared and delivered to the judges’ receptionist before the appeal delay expired. These documents do not show that the appeal order was filed with the clerk of court in a timely manner. Although affidavits in some instances may be used successfully to redeem an appeal which appears to be untimely filed, as in Parault v. Parault, 411 So.2d 600 (La.App. 1st Cir.1982), the instant affidavits do not do so.
In Parault, the appeal order was untimely signed by the trial judge and stamped by the clerk of court as being untimely filed. However, in response to a rule to show cause why the appeal should not be dismissed, the appellant filed a copy of a receipt given by a deputy clerk to a court courier service which had delivered the appeal order to the clerk of court’s office. The receipt and accompanying affidavit demonstrated that the order had indeed been timely delivered to the clerk’s office. Thus, the untimely stamping and signature were not imputable to the appellant, and the appeal was held timely.
In the instant case, the plaintiffs’ affidavits and accompanying computer data sheet demonstrate, at most, only that the appeal order was typed and delivered to a receptionist for the Fourth Judicial District Judges on the morning of March 30, 1992. These documents do not rise to the level of those introduced in Parault as they do not show, or even allege, that this order was delivered to the clerk’s office before the appeal delay expired. Indeed, the order is stamped by the clerk’s office as being received on April 1, 1992. In the absence of evidence, such as that presented in Pa-rault, we are obligated to accept the clerk of court’s stamp as a valid indication of the date on which the order was filed. See La.C.C.P. art. 253. Thus, because plaintiffs’ appeal order was neither timely filed with the clerk of court nor timely signed by the trial judge, this appeal must be dismissed as untimely.
We are bolstered in our conclusion by analogous cases involving the filing of motions for new trial and original petitions. In Squatrito v. Barnett, 338 So.2d 975 (La.App. 4th Cir.1976), the defendant prepared an application for new trial and timely delivered it to the court crier of the division of court in which his case was pending. The crier failed to file the application in the record within the delay for applying for a new trial. Nevertheless, the trial court granted the new trial, finding that the defendant was not responsible for the filing error of the court crier. On review, the appeal court annuled the judgment reached in the new trial. In so doing, the court noted that the crier’s duties did not include accepting delivery of pleadings for filing, nor did any statute authorize the crier to accept delivery. More specifically, the court stated that La.C.C.P. art. 253 requires that all pleadings be delivered to the clerk of court. In this regard, the court held:
[A] party obliged to file a pleading within a time limitation must insure actual delivery, since it is the time when the clerk receives actual delivery of the pleading which determines whether that pleading has been timely filed. Handing the pleading to a friend or even to a court officer who is not authorized to accept delivery is done at the risk that delivery to the clerk may not be accomplished timely.
Id. at 977.
The Third Circuit Court of Appeal went even further in Johnson v. State Farm Mut. Auto. Ins. Co., 241 So.2d 799 (La.App. 3d Cir.1970). In Johnson, the plaintiff attempted to file a petition for damages on the last day of the prescriptive period. However, the clerk of court’s office was closed for repainting. Therefore, the plaintiff physically delivered the petition to a *593 district judge who accepted it, signed it, and endorsed it “[f]iled this day with me in Chambers.” Although the clerk of court’s office was open the next day, that office did not receive the petition until two days after the judge had signed it. The court of appeal noted that had the petition been delivered to the clerk’s office the day after the judge endorsed it, it would have been timely filed because the prescriptive period was suspended for the day on which the clerk’s office was closed. Id. at 800 (citing Saxon v. Fireman’s Ins. Co., 224 So.2d 560 (La.App. 3d Cir.1969)). However, since it was not received by the clerk’s office until the day after the office reopened, the prescriptive period had expired by one day, and the petition was not timely filed. The court was not impressed by the trial judge’s acceptance of the petition or his endorsement upon it as “filed.” Indeed, the court held that district judges have no authority to file cases. In this regard, the court noted that the duty of receiving and filing a pleading is a ministerial duty of the clerk of court; it is not a judicial act for the district judge.
In the instant case, given that appellants’ order of appeal was neither timely filed with the clerk of court nor timely signed by the trial judge, we are constrained to dismiss the appeal due to jurisdictional defect. La.C.C.P. art. 2088; La.C.C. art 3506(31); Baton Rouge Bank & Trust Co. v. Coleman, supra.
Finally, in the interest of full discussion, we note a line of cases which hold that the failure of an appellant to timely file an order for devolutive appeal does not have the effect of invalidating the appeal so long as the order has been timely signed by the trial judge and is eventually filed in the record. Cobb v. Guaranty Bank & Trust Co., 527 So.2d 1131 (La.App. 1st Cir.1988); Acadian Heritage Realty v. City of Lafayette, 451 So.2d 17 (La.App. 3d Cir.), writ denied 452 So.2d 696 (1984); Martin v. Martin, 228 So.2d 355 (La.App. 4th Cir.1969); Owens v. AAA Contracting Co., 213 So.2d 338 (La.App. 1st Cir.1968). Without endorsing this line of jurisprudence, we note that it has no application to the present case. The instant order was clearly not signed by the trial judge until the day after the appeal delay had expired.
For these reasons, the appeal is dismissed. Costs of this appeal are assessed to plaintiffs/appellants Betty and Chester Hough.
DISMISSED.
BROWN, J., dissents.

. Although the minutes are silent with respect to plaintiffs’ motion for additur, La.C.C.P. art. 1814 provides that additur is to be granted as an alternative to a new trial when the court is of the opinion that a new trial should be granted based solely upon the inadequacy of the verdict. The court below was clearly of the opinion that a new trial was not warranted. Furthermore, the post trial transcript of the hearing specifically states that "these motions that you’ve filed” are denied.