J¿ORDER

Appellee, Lifecare Hospitals, Inc., filed a motion to dismiss the above-captioned appeal on the basis that the appellant failed to obtain an order of appeal within the delays allowed under the provisions of La. C.C.P. art. 2121. This failure resulted when the appellant failed to attach an order of appeal to its motion for appeal that was timely filed with the clerk of the First Judicial District Court. Although appellant, B & W Quality Growers, Inc., supplied the missing order on March 17, 2004, the appeal delays expired in February 2004. Thus, the question presented by this motion to dismiss is whether the timely filing of the motion for appeal without an accompanying order was sufficient to preserve B <& W’s appeal.
Under the provisions of La. C.C.P. art. 2121, an appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment. Such an order may be granted on oral motion in open court, on written motion, or on petition. Although the wording of the article lends support to the argument that dismissal would be appropriate if an order of appeal was not obtained until after the appeal delays had expired, the jurisprudence establishes that such is not always the case. In Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183 (La.1981), a motion for an appeal was timely filed, but the order of appeal was not signed until after appellate delays would have expired. The defendants moved for dismissal on the ground that the order was not timely, the court of appeal dismissed the appeal, but the supreme court reversed. The court of appeal had relied on the language of La. C.C.P. art. 2121, holding that an order of appeal must be obtained, i.e., signed, within the delay allowed for appeal. However, the supreme court stated that the signing of an order of devolu-tive appeal “has become a mere formality.” The supreme court pointed out that the former provisions of La. C.C.P. art. 2124 required that security be furnished for a devolutive appeal, and that Article 2121 required that the order of appeal fix the amount of the appeal bond to be furnished. Thus, because the cost of the bond had to be furnished within the delays provided for taking an appeal, the order also had to be signed during that period. However, because Article 2124 was amended to eliminate security for devolutive appeals, and the trial court was no longer required to fix an appeal bond, the signing of a devolu-tive appeal order “has been reduced to a mere formality.”
*137 laThe supreme court went on to point out that the Articles of the Code of Civil Procedure are to be construed liberally and are not an end in themselves (La. C.C.P. art. 5051), that the right to appeal has constitutional sanction, and that appeals are favored in the law and aided by the courts. The supreme court also pointed out that La. C.C.P. art. 253 requires pleadings to be delivered to the clerk of court, and that after pleadings are filed, the clerk of court has a duty to obtain a judge’s signature, but an appellant does not have any absolute right to personally deliver his order to the trial judge for signature. Furthermore, the trial judge is not the only person who can grant an appeal because, in all parishes except Orleans, a clerk of court and his chief deputy clerk are authorized under La. C.C.P. art. 282 to grant appeals. Finally, the supreme court pointed out that when an appellant timely files an order of appeal with the clerk of court, he has delivered it to a public official that has a duty either to obtain the judge’s signature or sign the order himself. Thus, when a timely filed order of appeal is not signed during the delay period, this is not a fault or defect imputable to the appellant, and the appeal should not be dismissed when the motion for appeal is timely filed, but the order is not signed until after the delay has run.
In support of the motion to dismiss the instant appeal, appellee cites our decision in Hough v. Brookshire Grocery Co., 24590-CA (La.App.2d Cir.5/5/93), 618 So.2d 587; writ denied, 93-1997 (La.11/5/93), 629 So.2d 346. In Hough, we dismissed an appeal because both the motion and order for appeal were delivered to a judge’s receptionist, but an order of appeal was neither signed, nor filed with the clerk of court until after the delays for taking a devolutive appeal had run. We discussed Traigle, supra, in Hough, noting that the supreme court in Traigle explicitly relied on La. C.C.P. art. 253 which requires that all pleadings filed in an action be delivered to the clerk of court, but we concluded that a judge’s receptionist could not be equated to the clerk of court who was a public official required by law to retain possession of motion and order or appeal and to either obtain the judge’s signature on the appeal order or sign it himself.
In the instant case, unlike Hough, the appellant timely filed a motion for appeal with the clerk of court. Thus, the appellant clearly manifested an intent to seek appellate review of the trial court’s decision, the intent was formally manifested through the filing of the motion for appeal, and the filing was timely. Furthermore, as pointed out by the supreme court in Traigle, supra, after the amendment to La. C.C.P. art. 2124, the signing of an order of devolutive appeal has become “a mere formality.” Accordingly, we distinguish Hough, supra, and hold that the inadvertent failure to attach an order to the motion for appeal herein will not defeat appellant’s right to appellate review.
While there is no question that an order of appeal should be filed along with a motion for appeal, as required under Rule 9.8(C)' of the Louisiana District Court Rules, and as practiced in the courts of this state, the missing order in this case was supplied after the omission was called to appellant’s attention. In the interim, the motion apparently remained in the clerk of court’s office for approximately two months. We observe that not uncommonly, when a pro se litigant makes a written request for an appeal, or perhaps simply makes a filing that may be interpreted as a request for an appeal, a trial judge may simply write an order on the filing granting an appeal. Presumably, the clerk of a district court could do the same pursuant to La. C.C.P. art. 282. *138 Furthermore, as previously noted, an order of appeal may be granted on oral motion in open court; in that instance a ■written order of appeal need never be signed. Accordingly, we agree with the supreme court’s observation in Traigle, supra, that the signing of an order for a devolutive appeal has become “a mere formality,” and we observe that the interest of justice hardly would be furthered by allowing a party to timely | afíle a motion for a devolutive appeal, only to have the appeal dismissed because the party unknowingly failed to furnish ah order of appeal and the motion simply sat in a clerk’s office for a month or more while the appeal delays expired.
For the reasons set forth above, appel-lee’s motion to dismiss is hereby denied.